# Anderson *v.* The State.

*Indictment for Grand Larceny.*

1. *Depositions in criminal case.*—The deposition of an aged and infirm witness having been taken by the defendant in a criminal case (Code, §§ 4465-6), and no cross-interrogatories having been filed, if he declines to offer it in evidence on the trial, it is not admissible on the part of the prosecution against his objection.

FROM the City Court of Mobile.
Tried before the Hon. O. J. SEMMES.

HENRY MICKLE, for appellant.—The statute creates and distinctly specifies the only case in which a deposition can be made admissible as evidence against the defendant in a criminal prosecution—that is, "where the defendant files his written consent thereto."—Code, § 4467. This written

[Anderson v. The State.]

consent is a waiver of an important constitutional right, and the courts can not extend the waiver by implication, nor enlarge it by construction. Even if this were a civil case, the deposition would not have been admissible as evidence for the State, because no cross-interrogatories were filed. *L. & N. Railroad Co. v. Brown*, 56 Ala. 411.

WM. L. MARTIN, Attorney-General, for the State.—By taking the deposition of the witness, the defendant submitted herself to the provisions of the law governing such depositions; and the deposition was admissible in evidence, if, under like circumstances, it would have been admissible in a civil case. That a deposition may be read in evidence in a civil case by the opposite party, against the objection of the party at whose instance it was taken, is well established.—*Hallett v. O'Brien*, 1 Ala. 85; *Stewart v. Hood*, 10 Ala. 600; *Jewell v. Center & Co.*, 25 Ala. 498; *Fountain v. Ware*, 56 Ala. 558; *Railroad Co. v. Brown*, 56 Ala. 411; *Herring v. Skaggs*, 73 Ala. 446; Weeks on Depositions, 465–6; 5 Amer. & En. Encyc. Law, 607, and authorities cited.

STONE, C. J.—The Constitution, Art. 1, § 7, guarantees to every one charged with an indictable offense the right "to be confronted by the witnesses against him." Our statute, Code of 1886, §§ 4465–6, provides, that the defendant in a criminal case "may take the deposition of any witness, who, from age, infirmity, or sickness, is unable to attend court." The statute contains other grounds, also, which authorize the defendant to take and use the depositions of witnesses. Section 4467 of the Code provides, that "the deposition of any witness on the part of the State may be taken in like manner, and for similar causes, when the defendant files his written consent thereto."

Under the statute, §§ 4465–6, the defendant made the necessary affidavit, and filed interrogatories to take the deposition of an aged and infirm witness, who was unable to attend court. The interrogatories were not crossed, but, after waiting the required time, a commission was issued, and the deposition was taken and returned into court. Entering upon the trial, it was announced for defendant that the deposition would not be offered by the defense. The deposition was then offered by the State, objected to, the objection overruled, the deposition read, and the defendant excepted.

We think that, in permitting the deposition to be read in evidence by the State, the City Court erred. The right of every one accused of crime to be confronted by the witnesses against him is deeply imbedded in English jurisprudence, and dates back to *Magna Charta*, if not beyond it. It is classed as one of the bulwarks of liberty, wherever common-law principles obtain. So sacred has it been esteemed, that incapacity to waive it has sometimes been contended for. We will not go to this extreme length, but we hold that nothing short of an express consent, given as the statute prescribes, will let in such testimony.—*Rosenbaum v. State*, 33 Ala. 354; *Green v. State*, 66 Ala. 40; *Wills v. State*, 73 Ala. 362; *State, ex rel. v. Buckley*, 54 Ala. 599, and authorities on p. 620; *Martin v. King*, 72 Ala. 354.

Reversed and remanded.


