(122 So. 604)
### BARBER v. CITY OF TUSCALOOSA.
### (6 Div. 424.)

Court of Appeals of Alabama.  April 16, 1929.

Rehearing Denied May 7, 1929.

E. L. Dodson, of Tuscaloosa, for appellant.

S. H. Sprott, of Tuscaloosa, for appellee.

BRICKEN, P. J. This cause originated in the recorder's court of the city of Tuscaloosa. In said court this appellant was tried and convicted of violating the prohibition laws of said city. He appealed to the circuit court and was there tried by a jury upon a complaint filed by the city attorney of Tuscaloosa. From the judgment of conviction in the circuit court this appeal was taken.

■ The specific charge was that he sold a pint of whisky to the witnesses for the prosecution; they so testified. The accused strenuously denied the charge, and offered the testimony of several witnesses which tended to show the accusation to be untrue, and that at the time and place of the alleged sale he was not present at all but was at a different and distant place hunting with several parties.

The evidence being in conflict presented a question of fact to be determined by the jury.

■ Appellant, however, insists in effect that a reversal of the judgment should be here ordered because of the unfair and illegal manner by which the evidence against the accused was acquired or obtained. In this connection counsel assert in argument "that after diligent search it is our opinion that the identical point has never been before our appellate courts." We are of the opinion that the following authorities are conclusive of the argued question: Banks v. State, 18 Ala. App. 376, 93 So. 293, 24 A. L. R. 1359; Shields v. State, 104 Ala. 35, 16 So. 85, 53 Am. St. Rep. 17; Wilks v. State, 21 Ala. App. 199, 106 So. 681. In Shields Càse, supra, the Supreme Court, through Brickell, C. J., said: "However unfair or illegal may be the methods by which evidence may be obtained in a criminal case, if relevant, it is admissible, if the accused is not compelled to do any act which criminates himself, or a confession or admission is not extorted from him, or drawn from him by appliances to his hopes or fears."

Propositions 1 and 2 are of the same import and are decided adversely to appellant's insistence. Authorities, supra.

■ Proposition 3 asserts: "In a criminal prosecution, testimony given on a former prosecution for substantially the same offense, by witness who has disappeared, is admissible." We are unable to discover the applicability of above proposition to the case at bar. There is nothing in this record tending to show any status to which it might be applied. It affirmatively appears by the statements of the presiding judge that Adams and Dobbs, so-called witnesses, were not summoned as witnesses in this case, nor was any attempt made to show that these parties were not within the jurisdiction of the court. Furthermore, no predicate was laid for the introduction of this character of evidence, neither was there any effort made to bring this matter within the rule, often announced, which would have entitled appellant to the benefit of the testimony thus sought. Woodward v. State, 21 Ala. App. 417, 109 So. 119.

This court has considered the remaining assignments of error which are insisted upon, but we fail to discover any prejudicial error in the rulings complained of. As above stated, this case presented a question of fact for the decision of the jury, and so far as we can ascertain there appears no ruling of the trial judge which could have the tendency of diverting the jury from arriving at a proper conclusion in this connection.

No prejudicial error appearing, the judgment appealed from will stand affirmed.

Affirmed.