198 So. 711

### WALLACE v. STATE.

8 Div. 969.

Court of Appeals of Alabama.
June 18, 1940.

Rehearing Denied Aug. 6, 1940.

492

R. B. Patton and D. U. Patton, both of Athens, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The circuit court, from the judgment of which this appeal was taken, acquired jurisdiction of this case by virtue of an appeal from the judgment rendered against appellant in the Municipal Court of Limestone County where the prosecution originated, and where the offense, charged by affidavit, was for the violation of the State prohibition laws.

The facts of this case are stated by appellant's counsel in brief, and, as stated,

are borne out by the record. We quote these facts from said brief: "Defendant operated a place of business on the Decatur Highway near Athens. C. C. Miller and H. E. Emerson were attached to the Alcoholic Beverage Control Board of Alabama in June, 1939 and were doing what they called 'undercover work.' On the day in question these two officers appeared at the place of business of the defendant, went in and, as C. C. Miller said, 'I want to buy some liquor,' and he (defendant) said, 'I don't have any,' and I said, 'Do you know us,' and he said, 'I don't believe I do.' It was then asked him if a negro by the name of Terry Moore worked for him (defendant) and Terry was called, who stated he recognized the witnesses and defendant sent Moore for the liquor. * * 'I asked him to sell that liquor so that I could prosecute him. He did not offer to sell me any liquor before I tried to buy it and when I asked him to let me have some liquor he told me he didn't have any.' And, the witness, Emerson, said, 'At that time I was doing undercover work * * * and I went out there to buy that liquor from the defendant for the purpose of prosecuting him. He did not solicit me to sell any liquor and I believe it is correct that he told me when I asked him for it that he didn't have any.' "

In this connection appellant insists: "It will be noted that neither of the State witnesses testified, nor is there any evidence in the record to show the slightest suspicion ever arose suggesting that the defendant had ever engaged in selling contraband liquor. To the contrary the record is wholly silent, leaving a definite positive conclusion that none of the State witnesses had any reason to believe that the defendant was engaged in selling alcoholic beverage."

In addition to the facts above quoted, the two State witnesses further testified that "he (appellant) sent Terry Moore for the liquor, and Moore brought the liquor back, handed it to Mr. Wallace (defendant) and Mr. Wallace handed it to me and I paid him sixty-five cents."

The ruling of the trial court in striking count 3 of the affidavit, but in declining to strike the complaint as a whole, was in our opinion correct and without error.

As we see it, but one question remains for our consideration, and this has reference to the insistence of appellant to the effect that the evidence upon which the conviction of this appellant rested, was wrongfully and illegally obtained. Or in other words, that the two undercover men, of the Alcoholic Beverage Control Board of Alabama, admittedly entrapped, induced and inveigled defendant to commit the act complained of in this prosecution, and by nefarious and reprehensible artifice lured him to send and secure for them the bottle of whiskey.

The general rule appears to be, where the doing of a particular act is a crime regardless of the consent of anyone, the courts are agreed that if the criminal intent originates in the mind of the accused, and the criminal offense is completed, the fact that an opportunity is furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. And to the argument that the act is committed at the instigation or solicitation of an agent of the State, or Government, the courts have responded that the purpose of the detective is *not to solicit* the commission of the offense, but to ascertain if the defendant is engaged in an unlawful business.

The views of the writer of this opinion, upon a somewhat analogous proposition to the one here involved, were expressed in the case of Mary Banks v. State, 18 Ala.App. 376, 93 So. 293, 24 A.L.R. 1359. This opinion still prevails, and if this court had the legal right to so declare, no conviction would be had upon the testimony of any person, and especially the law officers of our State, who resorted to such perfidious nefarious and reprehensible conduct such as admittedly appears in the testimony in this case; which testimony discloses the undercover men in question, in the employ of the Alcoholic Beverage Control Board of Alabama, went to the home of appellant, sought him out, induced, solicited and entrapped him to commit the act complained of in this prosecution, and, as stated by them, did all of this *for the purpose of prosecuting him.* Such reprehensible conduct should not be condoned, certainly should not have the approval by this great State, or any fair minded citizen thereof. But by virtue of the Statute Section 7318, Code 1923, our prerogatives are prescribed and limited. Said statute providing: The decisions of the Supreme Court shall govern the holdings and decisions of the Court of Appeals, etc.; and the Supreme Court of this State has de-

clared, in its leading case upon this question, towit: Shields v. State, 104 Ala. 35, 16 So. 85, 88, 53 Am.St.Rep. 17; "that, however unfair or illegal may be the methods by which evidence may be obtained in a criminal case, if relevant, it is admissible * * *." But in the Shield's case, supra, the author of the opinion—the great Chief Justice of the court—took the precaution to purge the State itself of the implied calumny, by stating: "The state had no connection with, and had no agency in, the wrong committed by the sheriff. The law appoints the remedy for the redress of the wrong, but the exclusion of the evidence criminating the defendant is not within the scope of the remedy, or the measure of redress."

Upon authority of the following cases of the Supreme Court, and those from this court, predicated upon the Supreme Court's decisions, we perforce must hold, for the reasons above stated (Section 7318, Code 1923), that the judgment of conviction from which this appeal was taken be affirmed: Shields v. State, supra; Borck v. State, Ala.Sup., 39 So. 580; Pope v. State, 168 Ala. 33, 40, 53 So. 292; Banks v. State, 207 Ala. 179, 93 So. 293, 24 A.L.R. 1359; Brewer v. State, 23 Ala.App. 100, 123 So. 86; Barber v. City of Tuscaloosa, 23 Ala.App. 163, 122 So. 604, certiorari denied, 219 Ala. 366, 122 So. 605.

Affirmed.