17 So.2d 287

### CHESSHER v. STATE.
### 4 Div. 810.

Court of Appeals of Alabama.

Jan. 11, 1944.

Rehearing Denied March 21, 1944.

J. W. Brassell, of Phenix City, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank M. Savage, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

 The defendant was prosecuted for selling a bottle of whiskey in a wet county contrary to law. If he did so without a license from, or not as an agent of the Alcoholic Beverage Control Board, he was guilty. The State's evidence had some tendency to establish this, and, if believed by the jury beyond a reasonable doubt and (the legal equivalent) to a moral certainty, conviction was authorized.

The oral charge of the court was upon this theory and sought to instruct the jury as to the constituent elements of such a law violation.

The following, and only, written charge requested by the defendant was refused: "The court charges the jury that before you can convict the defendant in this case, you must believe from all the evidence, beyond a reasonable doubt, and to a moral certainty, that the alleged bottle contained intoxicating liquor and that the defendant sold the same, in violation of the law."

■ We have carefully studied the entire evidence, sitting en banc, in connection with said charge, and in our view it was a correct and apposite statement of the law. It was not sufficiently or substantially covered in the oral instructions, and we think error intervened to the prejudice of the defendant by its refusal.

■ As basis for this conclusion, attention is directed to the court's oral instructions where, in stating that the State's "burden is to convince the jury and the court trying the case beyond all reasonable doubt of the existence of the guilt of the defendant" and that "the burden which the State carries is to establish guilt beyond all sane, actual or substantial doubt", omission was made that the jury's findings should be predicated upon the evidence. Furthermore, decision of the issues of fact was for the jury, not the court, and it was permissible for the defendant to correct the obfuscous statement that the court should be convinced of defendant's guilt, etc., by an explanatory charge.

■ It is further noted that the charge was proper in response to the concluding instructions to the jury, where the court stated: "If you believe that he is guilty say, 'We, the jury, find the defendant guilty' and assess a penalty", etc. The inadvertent omission that belief of guilt should be upon all the evidence and beyond a reasonable doubt was subject to correction by a proper special requested charge.

For the learned court's refusal to give the quoted charge, we are constrained to believe that a reversal is due. So ordered.

Reversed and remanded.

On Rehearing.

PER CURIAM.

■ It is contended for the State that the charge submits to the jury an issue of law by the concluding words "in violation of the law", and for that reason was properly refused. In this we disagree. If the bottle contained intoxicating liquor and the defendant sold it, then, under the evidence, such was a violation of the law, and he would be guilty. This is the stipulation of the charge. The concluding phrase—in violation of the law—is mere surplusage. We think the charge a correct statement of the law as applied to the facts, and that its refusal was prejudicial error when considered in connection with the general oral charge of the court.

Rehearing denied.