166 So.2d 510

**J. B. WEBB**

v.

**STATE.**

**8 Div. 956.**

Court of Appeals of Alabama.

June 30, 1964.

Robt. S. Smith, Huntsville, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The defendant was convicted of selling whiskey in a wet county contrary to law.

A police officer of Huntsville, Alabama, testified he went to defendant's residence at 513 Arms Street, Huntsville, the evening of August 16, 1963, dressed in plain clothes, for the purpose of buying whiskey. City detectives were parked close by in an unmarked police car. The front of the house was dark. His knock at the door was answered by defendant. The officer told him he wanted to buy a pint of whiskey. Defendant said he didn't know him and the officer replied: "Well, that shouldn't make any difference. I would like to have a pint of whiskey. I need a pint of whiskey." The defendant asked him to come inside the house and he went into a room that appeared to be the kitchen. Defendant left the room for a few seconds and reappeared with a pint of "Early Times." Defendant put the whiskey in a paper bag and handed it to the witness. The officer asked the price of the whiskey and defendant told him it was $4.50. The officer gave him a $5.00 bill and defendant handed him fifty cents change. The whiskey was introduced in evidence as "State's Exhibit A."

No evidence was offered in defendant's behalf.

■ The evidence presented by the State was sufficient to sustain the conviction. Chessher v. State, 31 Ala.App. 344, 17 So. 2d 287. There was no error in the court's denial of defendant's motion for a new trial.

The following written charge requested by defendant was refused: "The Jury is instructed that the practice of inducing a crime by an otherwise innocent person is reprehensible and contrary to the public policy."

■ The defendant insists the court erred in refusing this charge on the theory that he was entitled to have the jury instructed as to the law with respect to en-trapment. We do not agree. There was no entrapment shown by the evidence here. Wallace v. State, 29 Ala.App. 491, 198 So. 711, certiorari denied 240 Ala. 275, 198 So. 713; Dodd v. State, 32 Ala.App. 307, 26 So.2d 273, certiorari denied, 248 Ala. 103, 26 So.2d 274.

■ We also point out that this is a mere statement of a legal principle taken from the body of the opinion in Browning v. State, 31 Ala.App. 137, 13 So.2d 54. It is not in proper form as a charge, since it is not hypothesized on the evidence and omits instructions as to the application of the proposition to the issues in the case. It was properly refused. Holloway v. State, 37 Ala.App. 96, 64 So.2d 115.

No reversible error appearing on the trial of the case, the Judgment of Conviction is affirmed.

Affirmed.