(106 So. 681)

## WILKS v. STATE. (4 Div. 175.)

(Court of Appeals of Alabama. Dec. 15, 1925.)

**1. Criminal law ⊙═══753(2)—Affirmative charge in face of direct and positive evidence by state would be incorrect.**

An affirmative charge for accused in the face of direct and positive evidence adduced by the state of his guilt would be incorrect.

**2. Intoxicating liquors ⊙═══236(11)—Conviction for violating prohibition laws, by sale of whisky, sustained.**

In prosecution for violating prohibition laws, direct, positive evidence that accused sold whisky to three separate parties in certain county within time covered by indictment *held* sufficient to sustain conviction.

**3. Criminal law ⊙═══37—Artifice or subterfuge of enforcement officers no defense to charge for violating prohibition laws.**

In prosecution for violating prohibition laws, that evidence of state was obtained by artifice or subterfuge, in that enforcement officers who testified to purchase of whisky from accused represented themselves as vendors of raincoats, etc., *held* not an available defense.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Clint Wilks was convicted of violating the prohibition law, and he appeals. Affirmed.

Ballard & Brassell, of Troy, for appellant.

Facts and circumstances which do not tend to prove or disprove the matter in dispute are not admissible. McCormack v. State, 102 Ala. 156, 15 So. 438; Russell v. State, 20 Ala. App. 68, 101 So. 71.

Harwell G. Davis, Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

Testimony tending to show the relations of witnesses to the parties is admissible. Russell v. State, 19 Ala. App. 425, 97 So. 845.

BRICKEN, P. J. Appellant was convicted for the offense of violating the prohibition laws of the state, the specific instance being that, within the time covered by the indictment and in Pike county, he sold whisky to the several state witnesses who testified in this case. From the judgment of conviction in the circuit court this appeal was taken.

[1] The appeal here rests upon the rulings of the court upon the admission of evidence as it is admitted that the charges refused to defendant were properly refused. These charges were affirmative in their nature, and in the face of the direct and positive evidence adduced by the state, the court was without authority to direct the verdict.

[2, 3] We have examined the rulings of the court upon the evidence to which exceptions were reserved, and all of these rulings are so clearly free of error they need not be discussed. As stated, there was direct, positive proof tending to show that this defendant sold whisky to three separate parties in Pike county, Ala., and within the time covered by the indictment. This, he denied, and upon the trial of the case offered testimony of his general good character. A jury question was presented, and the evidence was clearly sufficient to support the verdict of the jury and to sustain the judgment of conviction. The fact that the evidence of the state was ob-

tained by artifice or subterfuge, in that the law enforcement officers, who testified as to the purchase of whisky from defendant, represented themselves as vendors of raincoats, etc., cannot avail defendant. Shields v. State, 104 Ala. 35, 16 So. 85, 53 Am. St. Rep. 17; Banks v. State, 18 Ala. App. 376, 93 So. 293, 24 A. L. R. 1359.

That this appellant was accorded a fair and impartial trial in the court below, and that such trial was conducted throughout without error injurious to his substantial rights, is manifest. No error appears upon the record proper. The judgment of conviction in the circuit court will stand affirmed.

Affirmed.