(107 So. 325)

### TUCKER v. CITY OF TUSCALOOSA.* (6 Div. 690.)

(Court of Appeals of Alabama. Feb. 2, 1926. Rehearing Denied Feb. 16, 1926.)

**1. Criminal law ⬅429(1)—Code of ordinances held properly admitted in prosecution for violation of ordinance (Code 1923, § 7687).**

Printed book, purporting on its face to be printed by the authority of, and adopted by, board of mayor and aldermen of city of Tuscaloosa, and which also purported to be revised code of ordinances of such city, properly certified under the hand of city clerk and corporate seal of city, *held* properly admitted under Code 1923, § 7687, in prosecution for violation of ordinance of such city.

**2. Criminal law ⬅37—Municipal corporations ⬅632.**

Neither violation of municipal ordinance nor of state law can be justified by encouragement thereto of state officer.

Appeal from Circuit Court, Tuscaloosa County; S. F. Hobbs, Judge.

Prosecution by the City of Tuscaloosa against A. A. Tucker for violation of city ordinances by disorderly conduct and resisting or impeding a police officer. From a judgment of conviction, defendant appeals. Affirmed.

Windham & Holliman, of Birmingham, for appellant.

Counsel argue for error in the rulings assigned and treated, but without citing authorities.

S. H. Sprott and J. M. Ward, both of Tuscaloosa, for appellee.

The code of ordinances was properly admitted in evidence. Code 1923, §§ 2000, 7687; Hill v. Condon, 70 So. 208, 14 Ala. App. 332; Cooper v. Valley Head, 101 So. 874, 212 Ala. 125. Evidence that defendant was on a mission for an officer of the law was irrelevant.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Petition for certiorari dismissed 108 So. 921, 214 Ala. 700.

BRICKEN, P. J. The appellant was convicted in the municipal court of the city of Tuscaloosa for the violation of certain ordinances of said city. He prosecuted an appeal to the circuit court from the judgment of conviction pronounced against him in the municipal court. In said circuit court he was again convicted for a violation of said ordinances, and from that judgment this appeal was taken.

[1] On the trial of this case the city of Tuscaloosa offered in evidence a printed book which purported on its face to be printed by the authority of, and adopted by, the board of mayor and aldermen of the city of Tuscaloosa, and which also purported to be a revised code of the ordinances of the city of Tuscaloosa, 1906, properly certified under the hand of the city clerk of said city, and the corporate seal of said city, of date the 13th day of October, 1919. Said book of ordinances was limited to the proof of certain sections therein contained, and pertinent to the issues involved, and to the authentication of said book of ordinances. The defendant objected to the introduction of said code, or book of ordinances, and the court overruled the objection, whereupon defendant reserved an exception. There was no error in this ruling. It was in entire accord with the provisions of section 7687, Code 1923 (section 3989, Code 1907).

The evidence offered in behalf of the municipality tended to show that the defendant violated the provisions of certain ordinances of said municipality.

[2] The appellant, stating his case, insisted that he should not have been arrested by the municipal officers because he was a young man of good character, acting under the orders of a state law enforcement officer who had employed him to assist in the apprehension and arrest of a suspected violator of the laws of the state, and that all that he did, on the occasion of the arrest, was done under the advice and counsel of said state law enforcement officer. Suffice it to say that no officer of the state of Alabama has the legal right or authority to authorize any person to violate the laws of the state or any municipality thereof. A violation of a municipal ordinance cannot be justified by an encouragement thereto of any officer of the state, or by any one else. The state law enforcement officer in question expressly denied any such encouragement or advice. He was introduced as a witness for the defendant in the court below.

We have examined the record in this case with due care, and find that in all respects this appellant was accorded a fair and impartial trial. We find no error in the record, and our attention is not directed to any material question of which the appellant can justly complain.

The judgment of the circuit court is affirmed.

Affirmed.