(135 So. 312)

### NELSON v. CITY OF ROANOKE.

### 5 Div. 825.

Court of Appeals of Alabama.

Jan. 20, 1931.

Rehearing Denied May 5, 1931.

Hooton & Moon, of Roanoke, for appellant.

Vann & Boyd, of Roanoke, for appellee.

SAMFORD, J.

■ This case being quasi criminal, on appeal to this court the rules requiring assignments of error and insistence of error in brief obtain, and errors not insisted on in brief of counsel for appellant are waived and will not be considered.

The evidence for the city tends to prove that defendant, within the corporate limits of Roanoke and within sixty days before the beginning of the prosecution, violated an ordinance of the city, which ordinance reads:

"Ordinance No. 223. Section 1: Be it ordained by the City Council of the City of Roanoke, that any person or persons committing an offense in the City of Roanoke, or within the Police Jurisdiction of the City of Roanoke, which is declared by any law or laws of the State of Alabama, heretofore or hereafter enacted, to be a misdemeanor shall upon conviction be punished by a fine not exceeding One Hundred Dollars ($100.00) and may be sentenced to imprisonment in the municipal jail or to hard labor for the City of Roanoke not exceeding six (6) months." .

■ The specific charge being that the defendant sold, offered for sale, possessed, had in his possession, or otherwise disposed of prohibited liquors, etc.—with reference to as-

signment No. 1, it is insisted in brief that the court committed reversible error in refusing to give at the request of defendant the general affirmative charge, for the reason that the chief of police for Roanoke disguised himself and with two other parties accompanying him bought a Nehi bottle full of whisky from defendant. To sustain this contention, the appellant invokes the doctrine referred to in Trimble v. Town of Haleyville, 20 Ala. App. 13, 101 So. 523. The doctrine spoken of in that case has no application here. There is no evidence here that the chief of police procured defendant to violate the law. According to the evidence, not only by the chief of police but by another, the defendant acted on his own volition in making the sale of the prohibited liquor. On this question the cases of Tucker v. Tuscaloosa, 21 Ala. App. 274, 107 So. 325, and Wilks v. State, 21 Ala. App. 199, 106 So. 681, are in point.

■ Assignment No. 2 takes the point that the verdict of the jury was error, in that it fixed both a fine and hard labor. The language of the ordinance makes provision for a fine and also for imprisonment in jail or hard labor for the city. Under the ordinance, on conviction, a fine must be imposed and imprisonment or hard labor may be added. On appeal from a recorder's court to the circuit court under and by virtue of section 1937, Code 1923, on conviction the judge or jury trying the cause is authorized to impose upon defendant punishment by fine or imprisonment or hard labor for the city as "the court or jury may deem proper and is authorized by law or ordinance for such offense." The verdict in this case was not error. Thomas v. City of Mobile, 203 Ala. 96, 82 So. 110.

For the reasons above given, assignment of error No. 3 is of no avail.

We may consider assignments of error 4 to 15, both inclusive, for the reason that they all relate to the same character of defense.

■ The practice of entrapping persons into crime for the purpose of instituting criminal proceedings has frequently been deplored, and expressions condemning the practice are to be found in certain classes of cases, notably in Smith v. State, 61 Tex. Cr. R. 328, 135 S. W. 154. Instigation as distinguished from entrapment has sometimes been held to prevent the act from being criminal or punishable, but the general rule is that it is no defense to the perpetration of a crime that facilities for its commission were purposely placed in his way, or that the act was done at the decoy solicitation of persons seeking to expose the criminal, or that officers feigning complicity in the act were present and assisting in its commission. It is generally held that it is no defense to a prosecution for an illegal sale of liquor that the purchase was made by a "spotter" detective or hired informer. 16 Corpus Juris, 88 (57); Borck v.

State (Ala. Sup.) 39 So. 580. If the commission of the offense was instigated by the municipality, there could be no conviction in this case. 16 Corpus Juris, 90, note 60. This defense was available to the defendant under the plea of not guilty.

We know of no law, and the appellant has cited us to none, which would authorize a plea of recoupment in this character of action, which is criminal so far as the penalty to be imposed on conviction is concerned. The rulings on the pleas were free from prejudicial error.

There is no fatal variance between the complaint in the city court and the complaint filed in the circuit court on appeal. Hence the motion of defendant to strike the complaint was properly overruled.

The ordinance of the city of Roanoke was properly proven by the certificate and testimony of the city clerk, who was the custodian of the records of the city. Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874.

No exceptions having been reserved to the court's oral charge, error cannot now be based upon said charge. Sov. Camp, W. O. W., v. Gay, 217 Ala. 543, 117 So. 78.

The ordinance of the city under which this prosecution is brought, certified by the clerk and identified by her, was introduced in evidence. We see no error in admitting the ordinance as it appears in the transcript. The objection seems to be highly technical and without merit. Code 1923, § 1999.

The ordinance here in question is valid according to the rule laid down in Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571.

We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed.

RICE, J., concurs in the conclusion.