153 So. 294

## FREELAND v. STATE.
### 6 Div. 530.

Court of Appeals of Alabama.
March 6, 1934.

W. C. Rayburn, of Guntersville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, Judge.

The defendant was charged in the justice court of Cullman county with the larceny of a coop of chickens. From a judgment of conviction in that court, defendant took an appeal to the circuit court. In the circuit court the solicitor filed a statement as required by section 3843 of the Code of 1923, charging the defendant with the larceny of nine chickens of the value of $6.75, the personal property of B. M. Nunnelley. Demurrer was interposed to the complaint as filed by the solicitor, because the original affidavit as filed and upon which the trial was had in the justice court constituted a variance. The trial in the circuit court was de novo. The original affidavit not being void the complaint based thereon may state the charge so as to cure any amendable defects. Nailer v. State, 18 Ala. App. 127, 90 So. 131.

The evidence tending to connect this defendant with the crime charged was entirely circumstantial. Where this is the case it is error to refuse to give at the request of defendant in writing refused charge 1. Cannon v. State, 17 Ala. App. 82, 81 So. 860; Swoope v. State, 19 Ala. App. 254, 96 So. 728; Gay v. State, 19 Ala. App. 238, 96 So. 646; Gilmore v. State, 99 Ala. 154, 13 So. 536; Ex parte Acree, 63 Ala. 234; Fennoy v. City of Hartselle, 23 Ala. App. 294, 124 So. 399.

Charge 2 is confusing, and for that reason tends to mislead.

Charge 3 ignores a consideration of the evidence.

Refused charge 4 is not sustained by Williams v. State, 114 Ala. 19, 21 So. 993. The charge in that case only relates to the contradiction of a witness as it affects his testimony. The charge here would justify an acquittal on a part of the testimony.

Refused charge 6 asserts correct propositions of law, and should have been given. Gilmore v. State, 99 Ala. 154, 13 So. 536; Bailey v. State, 168 Ala. 4, 53 So. 296, 390. Some doubt was expressed as to a similar charge in McCoy v. State, 170 Ala. 10, 54 So. 428, but the charge in the McCoy Case, supra, is materially different from the charge here.

There are questions presented which will probably not arise on another trial. For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.