5 So.2d 104

### HERRING v. STATE.

#### 4 Div. 207.

Supreme Court of Alabama.

Dec. 11, 1941.

Harry Adams and J. W. Hicks, both of Enterprise, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

BOULDIN, Justice.

Appellant, Bud Phelps Herring, was indicted for the murder of Eunice Peacock. He was convicted of murder in the first degree, and his punishment fixed at death. On Saturday, October 5, 1940, the body of Mrs. Peacock was found in a shallow pond in a densely wooded area. Evidence for the state discloses that the body bore marks of violence, tended to show the victim had been raped, her neck broken; and further evidence of having been cast into the pond while still alive. A few hours before the body was found, Mrs. Peacock was at the residence of Mr. Henry Stewart. While there the defendant came to draw a bucket of water from the well.

The state, over the objection of defendant, was permitted to introduce evidence, that while both defendant and deceased were there, Mrs. Peacock told Mrs. Stewart she was going down into the woods, some quarter of a mile away, to make some brush brooms, or yard brooms.

Appellant insists this was error for that, when introduced, it was not sufficiently shown that defendant heard the remark or was within hearing distance.

It is unnecessary to consider whether this evidence was admissible upon other grounds, whether heard by defendant or not; nor whether the evidence of proximity when such evidence was first introduced was sufficient to afford an inference that defendant heard the remark. Later evidence of the same statement was sufficient in this regard. The original evidence thereupon became admissible as corroborative of the fact of such statement having been made. The confession of defendant, introduced after proper predicate laid, disclosed defendant did hear the remark, followed deceased into the woods, and there committed the crime. There was no error to reverse in this ruling.

On Sunday night, following the commission of the crime on Saturday, defendant being under arrest, was asked when he put on the drawers he was then wearing, and he replied on the Friday night before. A later examination of these drawers by the State Texicologist, disclosed criminating facts introduced in evidence by the state.

Objection was interposed and exception reserved to admitting the statement of defendant as to when he put on the drawers. Appellant insists this statement was subject to the rule governing confessions, inadmissible without proof that it was voluntarily made.

The rule in this state does not limit confessions, requiring the laying of a predicate, to direct confessions of guilt. It is required, however, that the statement, within itself, shall be incriminating, support an inference of guilt. Statements of collateral facts, not criminating within themselves, but depending on other and outside evidence, disclosing a chain of circumstances incriminating in character, are not confessions within the rule requiring the laying of a predicate, but are deemed voluntary.

The statement here in question, did not require any predicate. McGehee v. State, 171 Ala. 19, 55 So. 159; Watts v. State, 177 Ala. 24, 29, 59 So. 270; Read v. State, 195 Ala. 671, 71 So. 96; Macon v. State, 179 Ala. 6, 60 So. 312; Shelton v. State, 144 Ala. 106, 112, 42 So. 30; Crenshaw v. State, 205 Ala. 256, 258, 87 So. 328; Meadows v. State, 136 Ala. 67, 72, 34 So. 183; 16 C.J. §§ 1464, 1466; 22 C.J.S., Criminal Law, § 816.

The record presents no other rulings calling for comment.

The evidence fully supported the verdict. A further recital of the evidence need not be indulged. The record discloses no error to reverse. The judgment of conviction and the sentence pronounced thereon, are affirmed.

The date for the execution of the death sentence having passed, it is ordered that Friday 13th day of February, 1942, be and is set for the execution of such sentence in the manner prescribed by law.

Affirmed.

All Justices concur; KNIGHT, J., not sitting.