26 So.2d 273

**DODD v. STATE.**
**7 Div. 812.**

Court of Appeals of Alabama.
March 5, 1946.

Rehearing Denied March 19, 1946.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

Merrill, Merrill & Vardaman, of Anniston, for appellant.

BRICKEN, Presiding Judge.

The prosecution in this case was begun in the county court upon affidavit and warrant, the offense therein charged was the violation of the State prohibition law. From a judgment of conviction in the county court an appeal was taken to the circuit court and a trial by jury was demanded and granted. In the circuit court the defendant was tried upon a complaint filed by the Solicitor. Said complaint charged that the defendant "did sell, or have in possession prohibited liquors or beverages contrary to law, and against the peace and dignity of the State of Alabama."

When the appeal from the county court was perfected, that court lost all jurisdiction of the case and final jurisdiction was vested in the circuit court where the trial was de novo. There was no error in the action of the trial court in refusing to allow the defendant "to show the file in the county court." We are not clearly informed what is meant by the above, but the record shows that an exception was reserved, even before issue had been joined. The trial court correctly

stated in this connection: "The county court doesn't have anything to do with the operation of this court, and we don't undertake to have anything to do with what the county court does." The defendant then plead not guilty.

The evidence in this case as to the sale by this appellant of a pint of whiskey to two of the State's witnesses and that they at that time paid her the sum of $8 for the whiskey is without any dispute or conflict. The defendant admitted this fact, and her testimony was in line with the testimony of the State's witnesses. Therefore, the court acted within its province and without error in giving the affirmative charge which was requested by the State. Said charge was as follows: "The court charges the jury that if you believe the evidence in this case beyond a reasonable doubt it would be your duty to find the defendant guilty as charged in the complaint." The jury returned its verdict of guilty in accordance with the instructions of the court. Judgment of conviction was accordingly pronounced and entered, from which this appeal was taken.

The exception reserved to the action of the court in allowing the identical pint bottle of whiskey sold to State's witnesses, as aforesaid, to be introduced in evidence in connection with the testimony of the State's witnesses is so clearly without merit, no discussion of this question need be indulged.

As we see it, the principal insistence of error to effect a reversal of the judgment of conviction appealed from, is based upon the law of entrapment. From the whole evidence in the case we are unable to accord to this insistence. It affirmatively appears from the evidence that the defendant without coercion of any sort acted voluntarily in the sale of the whiskey complained of, and where this is true entrapment as contemplated by law does not appear. The following cases directly in point on this proposition are conclusive as to this. Wilks v. State, 21 Ala.App. 199, 106 So. 681; Shields v. State, 104 Ala. 35, 16 So. 85, 53 Am.St.Rep. 17; Banks v. State, 18 Ala.App. 376, 93 So. 293, 24 A. L.R. 1359, and numerous cases cited. Brewer v. State, 23 Ala.App. 100, 123 So.

86; certiorari denied, 219 Ala. 636, 123 So. 86; Nelson v. City of Roanoke, 24 Ala.App. 277, 135 So. 312; certiorari denied 223 Ala. 317, 135 So. 314.

From what has been said, there was no error in the refusal of the special written charges requested by defendant. And likewise, the exception reserved to the action of the court in overruling and denying defendant's motion for a new trial is not well taken.

We are of the opinion no error prevailed in any ruling of the court upon the trial below; and, as the record is regular in all respects, we perforce must, and do hold, that the judgment of conviction from which this appeal was taken should be affirmed. It is so ordered.

Affirmed.