35 So.2d 367

## POWELL v. STATE.

### 6 Div. 440.

Court of Appeals of Alabama.

May 11, 1948.

Geo. Rogers, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

The indictment against this appellant contained two counts charging respectively assault with intent to ravish, and assault with intent to rob.

In the trial below the jury returned a verdict of guilty of simple assault, and assessed a fine of fifty dollars. As additional punishment the court imposed a sentence of hard labor for a term of six months.

The State's evidence was directed toward showing that Miss Grace Brown, a high school girl about fifteen years of age, was returning to her home from choir practice around 9:15 o'clock the night of 9 October 1946. Miss Brown and the defendant boarded a street car, and both left the car at the same stop, which was in the western section of Birmingham.

Miss Brown, after getting off the car walked across the street and was followed by the defendant. The defendant then addressed some casual inquiries to Miss Brown, to which she replied. Then he asked her what grade she was in, and according to Miss Brown:

"I told him I was in the third semester, and then he says, 'Wait a minute,' and he grabbed me and I slapped him with my hand and screamed.

"Q. Now, what did he do when he grabbed at you? Just tell actually what he did when you made that remark, just describe what he did there. A. Well, when I saw what he was going to do, I stepped back and screamed and he grabbed my shoulder here (indicating), and so I slapped him. He says, "Huh,' and I screamed again, and I had a history book in my hand and I hit him with the history book, and then he turned and ran."

Immediately after this occurrence Miss Brown ran to the nearest house and made complaint to a Mr. Funk, and then continued on to her home, which was the next house, and made complaint to her father. Mr. Brown, the father, immediately dressed, and accompanied by his daughter, and a Mr. Sojourner, a neighbor, went in search of whoever had thus approached his daughter. Mr. Brown carried his shotgun with him. After touring around the general area for fifteen to thirty minutes the defendant was seen by a car stop post some blocks distant from the scene of the alleged assault.

Mr. Brown stopped his car and he, Miss Brown, and Mr. Sojourner got out. Mr. Brown approached the defendant with his shotgun leveled. The defendant asked "What it was all about," and was told by Mr. Brown it was because he had grabbed his daughter.

The defendant interposed timely objections to several questions seeking to bring out certain portions of the conversation that then ensued on the grounds that such statements were in the nature of a confession or admissions against interest, and no predicate showing their voluntary character had been established. The court overruled these objections, and it was then shown that the defendant had strenuously denied that he was the party who assaulted Miss Brown, and, according to Mr. Brown's testimony:

"He says, 'I wouldn't do anything like that.' He says, 'You can go down there and ask my mother.' and pointed like that (indicating)." According to Mr. Brown, the gesture made by the defendant at this time indicated a house in the same block they were then in.

Miss Brown at this time, and at the trial positively identified the defendant as the man who had assaulted her.

Police officers of the City of Birmingham, who had investigated this case, over the defendant's objections as to lack of proof of their voluntary character, were permitted to testify as to the defendant's statements made to them as to his movements on the night in question.

These officers testified that the defendant had alleged he had been in the area on that night in an effort to locate a meat cutter named Luther Parks. Efforts to lo-

cate anyone named Luther Parks in the neighborhood where defendant alleged Parks was employed had been negative.

It was further shown by these officers that the defendant and his mother lived at an address on the eastern side of Birmingham, whereas this alleged offense, as before stated, occurred on the western side.

The defendant at all times claimed his innocence to the police investigators.

None of the statements whose admission appellant's counsel alleges constituted error were confessions, nor taken by themselves, admissions against interest. Indeed, the defendant at all times professed his innocence. Reinforcing his claimed innocence he alleged, or sought to infer, certain other facts to account for his presence in the area of the assault. Such statements, and their falsity, possessed probative value of assistance to the jury in passing on the defendant's guilt or innocence. Statements of collateral facts, not criminating within themselves, but depending on other and outside evidence, disclosing a chain of circumstances incriminating in character, are not confessions or admissions against interest within the rule requiring a predicate of voluntariness prior to their admission in evidence. Herring v. State, 242 Ala. 85, 5 So.2d 104; Tillison v. State, 248 Ala. 199, 27 So.2d 43.

The statements by the defendant were all, in our opinion, within the operative principle of the above doctrine.

Four charges requested in writing were refused by the trial court. Charges 1 and 2 were affirmative in nature and properly refused under the developed evidence of this case.

Charge 11 was adequately covered by the oral charge.

Charge 14 was confusing, and infected with misleading tendencies, and therefore properly refused. Freeland v. State, 26 Ala.App. 74, 153 So. 294; Brown v. State, ante, p. 97, 31 So.2d 670.

It is our opinion therefore that this cause is due to be affirmed, and it is so ordered.

Affirmed.