61 So.2d 867

JOHNSON v. STATE.

1 Div. 649.

Court of Appeals of Alabama.

Dec. 9, 1952.

Wm. Grayson, Mobile, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The accused in this case was indicted on a charge denounced by Title 22, § 256, Code 1940.

Appellant's attorney made a motion for a continuance of the case on the grounds that he had not had sufficient time and opportunity to prepare for trial.

The defendant was arrested on December 28, 1951. The indictment was returned January 25, 1952. The trial of the cause was set for March 14, 1952.

The matter of the continuance addressed itself to the sound discretion of the court, and clearly it was not abused in the instant case. Morris v. State, 193 Ala. 1, 68 So. 1003; Avery v. State, 237 Ala. 616, 188 So. 391; Adams v. State, 33 Ala. App. 136, 31 So.2d 99.

The state relied primarily, but not exclusively, for a conviction on the testimony of one David Taylor.

It appears that Taylor, with the knowledge and planning of some local police officers, went to the home of appellant and there bought from her some marijuana cigarettes. He used marked money. Forthwith after the purchase Taylor delivered the cigarettes to the officers who were waiting a short distance from appellant's residence. The officers then raided the defendant's home and found the marked money on her person.

Dr. Grubbs, a state toxicologist, analyzed the contents of the cigarettes and found it to be the drug, marijuana.

At the close of the state's testimony the solicitor offered in evidence the purchased cigarettes and the marked money. Appellant's attorney objected to this introduction on the grounds that the possession had been obtained by entrapment and by the efforts of an accomplice whose testimony had not been corroborated. The court overruled the objections.

Counsel then moved to exclude the state's evidence posing the same grounds just indicated. This motion was overruled, and the appellant rested her case without introducing any testimony.

We will first consider the matter of the claimed entrapment.

The pertinent parts of Sec. 45, 22 C.J.S., Criminal Law, § 45, p. 100 et seq. are as follows:

"The doctrine of entrapment, however, has a limited application, the

basic thought being that officers of the law shall not incite crime merely to punish the perpetrator; hence a distinction has been drawn between the inducing of an innocent person to do an unlawful act, and the setting of a trap to catch one in the execution of a criminal plan of his own conception, an act of the latter character by an officer not being regarded as against public policy, and entrapment is not available as a defense to a person who has the intent and design to commit a criminal offense and who in fact does commit the essential acts constituting it, merely because an officer of the law, in his effort to secure evidence against such person, affords him an opportunity to commit the criminal act, or purposely places facilities in his way or aids and encourages him in the perpetration thereof.

"An officer may, when acting in good faith with a view to detecting crime, make use of deception, trickery, or artifice; and so it is not a defense that decoys were used to present an opportunity for the commission of the crime or that detectives or others feigning complicity in the act were present and apparently assisting in its commission. Especially is this true in that class of cases where the offense is one of a kind habitually committed, and the solicitation merely furnishes evidence of a course of conduct; it has been held that in such cases the entrapper may even provoke or induce the commission of a particular violation of the law, if he knows or has reasonable grounds to believe that accused is a repeated or habitual offender."

In the following authorities we find in effect the application and adoption of this doctrine. Borck v. State, Ala.Sup., 39 So. 580; Harrington v. State, 36 Ala. 236; Wilks v. State, 21 Ala.App. 199, 106 So. 681; Nelson v. City of Roanoke, 24 Ala. App. 277, 135 So. 312; Wallace v. State, 29 Ala.App. 491, 198 So. 711; Dodd v. State, 32 Ala.App. 307, 26 So.2d 273; People v. Grijalva, 48 Cal.App.2d 690, 121 P.2d 32.

■ The undisputed evidence in the case at bar discloses that the appellant suggested to the witness Taylor that the latter "get on a big kick." This was an expression used for intoxication induced by the smoking of marijuana cigarettes. Taylor cautioned her about the danger of the use and sale of this drug. He reported the incident to the local police. Then it was that the plan and arrangements were made to have Taylor make the purchase.

The circumstances surrounding the sale did not include the essential elements which characterize an entrapment.

Taylor's testimony was sufficiently corroborated to meet the test of the applicable rule.

■ However, this witness, under the undisputed proof, was not an accomplice within the contemplation of the law. His acts were not motivated by any criminal intent to violate the law. His participation was not criminally corrupt.

The following authorities sustain our view: 22 C.J.S., Criminal Law, § 788, p. 1340; Lett v. U. S., 8 Cir., 15 F.2d 690; Gonzales v. State, 108 Tex.Cr.R. 253, 299 S.W. 901; People v. Kinsley, 118 Cal.App. 593, 5 P.2d 938; People v. Abair, 102 Cal. App.2d 765, 228 P.2d 336; People v. Mimms, 110 Cal.App.2d 310, 242 P.2d 331; People v. Grijalva, supra; Finley v. State, 84 Okl.Cr. 309, 181 P.2d 849.

■ One of the officers testified that when they raided the appellant's home they found an electric buzzer in the defendant's room. This evidence was descriptive of the locale and clearly admissible over the general objection.

■ Written charge numbered 2, refused to the defendant, is confusing. Freeland v. State, 26 Ala.App. 74, 153 So. 294; Brown v. State, 33 Ala.App. 97, 31 So.2d 670; Powell v. State, 33 Ala.App. 522, 35 So.2d 367.

Charges numbered 3 and 4 were substantially covered by the court's oral charge. Title 7, § 273, Code 1940.

Charge numbered 5 is no longer approved. We discussed the judicial history of the instruction in the case of Bringhurst v. State, 31 Ala.App. 608, 20 So.2d 885.

The defendant made no effort to impeach the testimony of David Taylor. Charge number 11 is therefore abstract.

Charge numbered 9 is argumentative and invasive of the province of the jury.

Written instruction numbered 16, refused to defendant, was approved in some of the early cases, but the courts abandoned this view and expressly overruled these cases in Brown v. State, 142 Ala. 287, 38 So. 268. See also, Snyder v. State, 145 Ala. 33, 40 So. 978; Hill v. State, 210 Ala. 221, 97 So. 639; Clayton v. State, 23 Ala.App. 150, 123 So. 250; Walters v. State, 24 Ala.App. 370, 133 So. 600.

We have responded to each presented question which merits any discussion.

The judgment below is ordered affirmed.

Affirmed.