160 So.2d 511

Frank **HARRIS**

v.

**STATE.**

3 Div. 159.

Court of Appeals of Alabama.

Jan. 28, 1964.

Horne, Webb & Tucker, Atmore, H. C. Rankin, Brewton, for appellant.

Richmond M. Flowers, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Roy E. Hicks, Montgomery, for the State.

CATES, Judge.

Selling beer without a license (Code 1940, T. 29, § 36 (10)) was the charge against Harris. A jury found him guilty and assessed a $50.00 fine, to which the judge added three months in the county jail.

On several occasions agents of the ABC Board bought beer in Frankie and Johnny's Place. Harris owned this restaurant.

The officer who led the raid asked Harris if he had a license. Harris said no. Code 1940, T. 29, § 16, provides:

§ 16. "Every license issued under this chapter shall be constantly and conspicuously exposed under transparent substance on the licensed premises."

■ Objection was made and overruled to receiving a certificate of the secretary of the ABC Board. This certificate, under the board's seal, was also bolstered by a jurat so as to make it an ex parte deposition.

The tenor ran:

" * * * that I have made a thorough and diligent search of the registers, books, papers, and records of the Alabama ABC Board and there is no record of an Alabama ABC Board License in the name of or issued to Frank Harris to do business in Escambia County Alabama and specifically no Alabama ABC Board License in the name of or issued to Frank Harris to do business on Alabama Highway 41, South of East Brewton, Alabama, in the business name of Frankie and Johnny's Place; and further that there is and has not been any such ABC License issued or in existence for a period of the 12 months next preceding the date of the execution of this certificate."

Under Anderson v. State, 89 Ala. 12, 7 So. 429, without the defendant's consent (Code 1940, T. 15, § 299), the admission of this affidavit on a material issue was error. Nor do we think that under Constitution 1901, § 6, it can be said that Act 277 of August 5, 1953, can apply in a criminal prosecution except under the strictures of T. 15, § 299, supra. State ex rel. Attorney General v. Buckley, 54 Ala. 599.

However, in view of the undisputed testimony of agent Fountain that Harris admitted not having the license, the error was harmless. Supreme Court Rule 45.

■ There was no entrapment within the scope of the doctrine of a superimposed will leading an innocent into crime. Lindsay v. State, 41 Ala.App. 85, 125 So.2d 716.

We quote from Dodd v. State, 32 Ala. App. 307, 26 So.2d 273:

" * * * the defendant without coercion of any sort acted voluntarily in the sale of the whiskey complained of, and where this is true entrapment as contemplated by law does not appear. The following cases directly in point on this proposition are conclusive as to this. Wilks v. State, 21 Ala.App. 199, 106 So. 681; Shields v. State, 104 Ala. 35, 16 So. 85, 53 Am.St.Rep. 17; Banks v. State, 18 Ala.App. 376, 93 So. 293, 24 A.L.R. 1359, and numerous cases cited. Brewer v. State, 23 Ala.App. 100, 123 So. 86; certiorari denied, 219 Ala. 636, 123 So. 86; Nelson v. City of Roanoke, 24 Ala.App. 277, 135 So. 312; certiorari denied 223 Ala. 317, 135 So. 314."

The cause below is due to be

Affirmed.