203 So.2d 698

**Willie JAMES, Jr.**

v.

**STATE.**

**1 Div. 170.**

Court of Appeals of Alabama.

Nov. 7, 1967.

Matranga, Hess & Sullivan, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a conviction of possession of marijuana. The court below sentenced the defendant to five years in the penitentiary.

James took the stand in his own behalf and testified that on two occasions he got and delivered to a Federal agent marijuana cigarettes.

The State's brief synthesizes the following to postulate James's claim of innocence:

"James was Adamski's agent, and, since Adamski, the principal, had a lawful right in his official capacity to possess marijuana, he was not guilty of violating the statute; therefore, under the law of agency, James, the agent, had a lawful right to possess marijuana, and also was not guilty of violating the statute while acting within the line and scope of his employment. * * *"

 Entrapment as a defense admits the physical doing of the crime. The mens rea, the defendant then says, came not from him at all. The criminal idea in entrapment originated with the prosecution.

However, seldom is this defense treated as one of law alone. Rather the jury is allowed to determine whether the defendant was predisposed when tempted or was he completely innocent until beguiled.

James testified that he sold the cigarettes to Adamski, the Federal agent, solely at his cost plus mileage on his taxicab. No other evidence as to what James paid came in. Thus it was a question of credibility as to whether he was an entrepreneur in his own right or a mere agent of Adamski.

Singularly, the two occasions involved the same mileage. The first time James charged $1.25; the second $2.50. The four cigarettes on the first expedition cost Adamski $4.00. The second purchase was 21 for $20.00.

In Lindsay v. State, 41 Ala.App. 85, 125 So.2d 716, we said:

"Under our jurisprudence to raise 'entrapment as a matter of law,' the defendant would have to (1) move the court (a) to exclude the evidence, or (b) to give a written affirmative instruction, or (c) to file a motion for a new trial; and (2) support one of these requests by uncontradicted evidence of unimpeachable weight and credibility, e. g., by the undisputed testimony of the State's own witnesses."

Whether James was principal or agent, free willed or entranced, was, under the conflicting tendencies of the evidence, strictly a question for the jury. Dodd v. State, 32 Ala.App. 307, 26 So.2d 273.

The judgment below is due to be

Affirmed.