293 So.2d 869

**Danny PINSON**

**v.**

**STATE.**

**8 Div. 472.**

Court of Criminal Appeals of Alabama.

April 23, 1974.

William C. Gullahorn, Jr., Albertville, for appellant.

William J. Baxley, Atty. Gen., and Daniel J. Thompson, Jr., Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant was charged by indictment and convicted in the lower court of unlawfully selling marijuana, and sentenced to imprisonment in the penitentiary for a term of four years.

At the conclusion of the State's testimony the appellant requested in writing charges numbered 7 and 8 which are both affirmative in nature. These charges were refused by the court and this action of the court constitutes the main insistence of appellant of error.

The appellant did not testify nor offer any witnesses in his behalf, but rested his case apparently on the theory that the evidence presented by the State established a case of entrapment on the part of the law enforcement officers who testified for the State.

In substance the State's testimony shows that witness Doug Nelson was a narcotic agent, in the employ of the State of Alabama, and that he met the appellant on the night of March 20, 1973, at a hamburger stand in Albertville, Alabama. They went to an address in Albertville and found no one at home and they went to another address where a party was in progress where wine and beer were being served and marijuana being used by those present and both appellant and Nelson joined in the use of intoxicants and marijuana, although Nelson testified he, more or less, simulated the smoking of marijuana. Nelson further testified that on the night of the 22 of March he again saw Pinson at the hamburger stand and Pinson asked him if he was still looking for marijuana to which he replied yes. Pinson left for a short while and upon returning asked for $60 with which to buy the marijuana, which money was given him by Nelson and he again left to make the purchase. He came back in a few minutes and they went to another residence in Albertville where Pinson picked up a brown bag on the porch and came back to the automobile in which Nelson was seated and handed it to him. It contained two lids (about 2 ozs.) of marijuana. At this time they went to another house, where marijuana was again smoked, and after leaving this house Nelson returned to a motel room and turned the marijuana, which he had bought from Pinson, over to Sgt. R. M. Patterson, an employee of the State Public Safety Division. Patterson performed a field test which indicated the substance to be marijuana. He further testified he delivered the substance given him by Nelson to Allen Adair, a State toxocologist, for further test. Adair, who qualified as an expert witness, testified that the substance he received from Patterson was tested by him and that it was, in fact, marijuana.

The appellant has called to our attention, in brief, several occurrences during the trial upon which he relies for error. However, the main question before the court, as we see it, is whether or not the State's evidence shows that, in fact, the appellant had fallen prey to an entrapment engineered by the State's witness.

It is too well established to require the citation of authority that as a general rule evidence of other offenses occurring before the offense charged, is ordinarily not admissible because of the tendency to prejudice the defendant and to secure a conviction for other crimes than that charged.

Although this rule has been applied in cases involving the sales of narcotics, certain exceptions thereto have been well established. 93 A.L.R.2d, Pages 1105 (Sec. 4), 1114 (Sec. 10).

Johnson v. State, 36 Ala.App. 634, 61 So.2d 867, a case involving the sale of nar-

cotics, sets out the rule of entrapment together with the basic reasons for this doctrine. We quote from *Johnson, supra,* the following:

'An officer may, when acting in good faith with a view to detecting crime, make use of deception, trickery, or artifice; and so it is not a defense that decoys were used to present an opportunity for the commission of the crime or that detectives or others feigning complicity in the act were present and apparently assisting in its commission. Especially is this true in that class of cases where the offense is one of a kind habitually committed, and the solicitation merely furnishes evidence of a course of conduct; it has been held that in such cases the entrapper may even provoke or induce the commission of a particular violation of the law, if he knows or has reasonable grounds to believe that accused is a repeated or habitual offender.'

■ We are of the opinion that in the instant case the State's witness, Nelson, had reasonable cause to believe that the appellant was a repeated offender and under the doctrine set out in *Johnson, supra,* the mere fact that he solicited a sale of marijuana first on March 20, and again on March 22, after having witnessed the appellant's repeated violation of the narcotics law does not establish the doctrine of entrapment. There was no error on the part of the court in refusing requested charges 7 and 8.

Other cases from this jurisdiction where the criminal sale of unlawful commodities such as liquors, narcotics, etc., were made at the solicitation and request of officers, whose identity was disguised are Webb v. State, 42 Ala.App. 385, 166 So.2d 510; Dodd v. State, 32 Ala.App. 307, 26 So.2d 273; Nelson v. City of Roanoke, 24 Ala. App. 277, 135 So. 312. These cases hold that where the appellant is disposed to commit the crime and the officers merely provided the opportunity by request or encouragement to commit the criminal act, there was no entrapment. See Alabama Digest, Criminal Law, Volume 6, ☜37.

Of particular importance on the question of inducement of appellant to commit the crime is Lindsay v. State, 41 Ala.App. 85, 125 So.2d 716; Garsed v. State, 50 Ala. App. 312, 278 So.2d 761.

■ The appellant further complains that the court erred in allowing testimony of appellant's action at a party the night preceding the sale including the smoking of marijuana and the smoking of marijuana on another occasion. There was no error in the action of the court in overruling appellant's objection to the evidence along this line presented by the State. Lindsay v. State, supra; Johnson v. State, supra; Robinson v. State, 40 Ala.App. 101, 108 So.2d 188; McKenzie v. State, 33 Ala.App. 7, 33 So.2d 484; Mason v. State, 259 Ala. 438, 66 So.2d 557.

We have carefully examined the court's rulings on objections to testimony made by appellant and find no error therein. In our opinion the action of the court in submitting this case to the jury was proper, and finding no error in the record the case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

CATES, P. J., and TYSON and HARRIS, JJ., concur.