Robbery; thirty-five years.
Appellant, an indigent, was convicted of the robbery of Mustafa Issa (Mike) Elayan, a pharmacist and the proprietor of Valley Drug Company in Decatur, Alabama. On Sunday, May 3, 1979, at approximately 4:00 P.M., Elayan and his fourteen-year-old daughter Sana'a (Dawn) were working in the drugstore when two white males, armed with guns, entered the store, grabbed a customer, Mrs. Sharon Terry, by the neck and threatened to kill her unless Elayan gave them drugs and money. The intruders took two bottles of phenobarbital and some $21.00 in cash and put them in a pillowcase. As they left the drugstore, they accosted another customer, Mrs. Annie Sue Cooper, who was just entering the door, and *Page 259 
demanded her car keys. They left the store in Mrs. Cooper's silver and maroon 1974 Oldsmobile Cutlass. At trial, both Mrs. Terry and Mrs. Cooper, as well as Elayan and his daughter Dawn, positively identified Michael Steven Bice and Thomas Wilson Barnett as the men who had committed the robbery at Valley Drug Company.
James Clemons testified that shortly after 4:00 P.M. on May 13, 1979, he observed a silver and maroon Oldsmobile Cutlass traveling at a high rate of speed through the intersection of Sixteenth Avenue and Grant Street in Decatur. He saw the vehicle run a red light, swerve and barely miss hitting his own car, jump the curb, and cut across a field. Clemons stated that two white males then left the Cutlass and jumped into a slowly-moving brown Pinto automobile which had the passenger-side door open. Clemons could not see the driver of the Pinto, but he observed the two men jump into the car and crouch down in the back seat.
Mrs. Jonnie Kunes stated that on the date in question she saw two white males jump from a medium-sized dark car and run toward the Tennessee river. She observed the dark car speed off across the river bridge.
Mr. Joseph Taylor testified that he observed a white male, whom he positively identified as Michael Steven Bice, alight from a Pinto automobile just south of the Tennessee River Bridge and run across the bridge toward the river.
Decatur Police Officer Ron Livingston stated that he pursued a brown Pinto automobile across the Tennessee River Bridge, and when he stopped the vehicle, it was being driven by the appellant.
On the afternoon in question, Lt. Frank Shafer observed Michael Steven Bice hiding in the bushes underneath the Tennessee River Bridge. Lt. Shafer and Officer Michael Harvey arrested Bice; Officer Harvey identified a pistol found in the area where Bice was hiding.
On the same day, Officer Thomas Patterson found a silver and maroon 1974 Oldsmobile Cutlass abandoned on a vacant lot at Sixteenth Avenue and Grant Street in Decatur. Officer Patterson stated that when he discovered the automobile the engine was running and both doors were open. The State introduced into evidence the following items recovered from the Cutlass: two bottles of phenobarbital; a metal money box bearing the name "Valley Drug Company" and a green pillowcase.
Sgt. Richard Crowell identified the following items found in the Pinto automobile being driven by appellant: two leather holsters, a wallet, a driver's license, and two rings.
Detective Edgar Taylor testified that he questioned Michael Steven Bice about the physical evidence found in the Pinto. Detective Taylor stated that he observed on Bice "white marks similar to those a person would get who wore a ring habitually and had removed the ring." Taylor also identified a photograph of Bice showing the rings on Bice's fingers. Over appellant's objection and motion for a mistrial, Detective Taylor then stated that Michael Steven Bice had admitted ownership of the rings.
At the conclusion of the State's case, appellant moved to exclude the evidence on the ground that a prima facie case of robbery had not been proved. The motion was denied and the defense rested.
 I
Appellant contends that the trial court erred by refusing to give his requested written charges numbered 18, 19, and 24, dealing with reasonable doubt. Our review of the court's instructions to the jury, however, convince us that the matter of proof beyond a reasonable doubt was substantially and fairly covered in the court's oral charge and the giving of appellant's written requested charge No. 20. See § 12-16-13, Code of Alabama 1975; Dillard v. State, Ala., 371 So.2d 947
(1979).
 II
Appellant next asserts that the trial court erred in denying his motion for a mistrial *Page 260 
based on the testimony of Sgt. Edgar Taylor that Michael Steven Bice had admitted ownership of two rings found in the Pinto appellant was driving. He argues that Bice's statement was an extra-judicial confession implicating appellant. Thus, he maintains that the statement was hearsay, and under the rule ofBruton v. United States, 391 U.S. 123, 88 S.Ct. 1620,20 L.Ed.2d 476 (1968), its admission denied him his Sixth Amendment right of confrontation.
Before proceeding to appellant's Bruton claim we must determine whether Bice's statement was inadmissible hearsay.
From the evidence presented at trial the jury could have inferred that, although appellant did not participate with Barnett and Bice in the actual robbery of Valley Drug Company, he attempted to help them escape in a brown Pinto automobile. Under this view of the evidence appellant, Barnett, and Bice were co-conspirators.
A conspiracy need not be proved by direct and positive evidence, but may be inferred from the conduct of the parties and all the attendant circumstances accompanying the doing of the act. Williams v. State, Ala.Cr.App., 375 So.2d 1257, cert. den. Ala., 375 So.2d 1271 (1979); Macon v. State, 30 Ala. App. 276, 4 So.2d 439, cert. den. 241 Ala. 675, 4 So.2d 442 (1941).
The State may prove, against the accused, the existence after the crime of a physical fact which tends to show the guilt of his co-conspirator. Williams v. State, supra; Lancaster v.State, 21 Ala. App. 140, 106 So. 609, cert. den. 214 Ala. 2,106 So. 617 (1925); Dawkins v. State, 20 Ala. App. 54, 100 So. 619
(1924); C. Gamble, McElroy's Alabama Evidence, § 195.03 (8) (3d ed. 1977).
In the present case, two white males carrying guns robbed Valley Drug Company. Appellant was driving a brown Pinto automobile answering the description of a car which slowed to allow two white males to enter, after they had exited from a vehicle used in the initial escape from Valley Drug Company. The same brown Pinto was seen heading toward the Tennessee River Bridge. Appellant, Barnett, and Bice were apprehended near the bridge. Two holsters and two rings were found in the Pinto. Under these facts, it is our judgment that Bice's later acknowledgement that the rings were his tended to connect the appellant with the conspiracy, and was admissible to show that connection. Williams v. State, supra. Therefore we find no error in the admission of Bice's statement since it qualifies as a co-conspirator exception to the hearsay rule. C. Gamble,McElroy's Alabama Evidence, § 195.03 (8), supra; Dutton v.Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970) (Admission of accomplice statement under Georgia co-conspirator hearsay exception.)
 III
In Bruton, supra, the United States Supreme Court held that a defendant was denied his constitutional right secured by the Confrontation Clause when a co-defendant's confession, also implicating him, was admitted in a joint trial, without the opportunity for cross-examination of the declarant, and in spite of cautionary instructions to the jury to disregard the co-defendant's statement when deciding the defendant's guilt. In our judgment, the rule enunciated in Bruton, supra, does not apply here.
Initially, we note that the proceeding below was not a joint trial. Both Barnett and Bice had been previously convicted and were serving time in the State penitentiary. They were present during appellant's trial by virtue of a court order for the prosecution of incarcerated witnesses from the State penitentiary.
Further, we note that Bice's admission of ownership of the two rings does not amount to a "confession." It does not, on its face, acknowledge guilt of the substantive offense of robbery. At most, it amounts to a statement of collateral fact which becomes incriminating only in conjunction with other facts, i.e., that the rings were found in the alleged getaway car, and that the rings were so large and showy that, without removing them prior to entering the drugstore, Bice might have been more easily *Page 261 
identified by witnesses to the robbery. See Powell v. State,33 Ala. App. 522, 35 So.2d 367 (1948); Tillison v. State, 248 Ala. 199, 27 So.2d 43 (1946); Herring v. State, 242 Ala. 85,5 So.2d 104 (1941). In Powell v. State, supra, the court observed:
 "Statements of collateral facts, not criminating within themselves, but depending on other and outside evidence, disclosing a chain of circumstances incriminating in character, are not confessions or admissions against interest within the rule requiring a predicate of voluntariness prior to their admission in evidence."
Opper v. United States, 348 U.S. 84, 91 n. 7, 75 S.Ct. 158, 163
n. 7, 99 L.Ed. 101 (1954). See also, Reid v. State, 168 Ala. 118,53 So. 254 (1910).
We do not believe that Bruton, supra, is controlling here because Bice's statement, standing alone, does not directly or inferentially implicate the appellant. The fact that the rings belonged to Bice inculpate appellant only in view of other evidence that they were found in appellant's vehicle.
We recognize that there is a division of authority regarding the extent to which a co-defendant's statement should be scrutinized or considered in light of other evidence to determine if it implicates the defendant. Some courts have held that other evidence may be considered in order to decide whether the co-defendant admission implicates the accused. See, e.g., Carter v. State, 266 Ind. 140, 361 N.E.2d 145 (1977), cert. den. 434 U.S. 866 (1978).
Other courts have looked only to the co-defendant's statement itself; they have reasoned that if it does not, on its face, refer to or implicate the defendant, no Bruton, question is presented. See, e.g., United States v. Belle, 593 F.2d 487 (3d Cir. 1978), cert. den., 442 U.S. 911, 99 S.Ct. 2825,61 L.Ed.2d 277 (1979); United States v. Hicks, 524 F.2d 1001 (7th Cir. 1975); White v. United States, 415 F.2d 292 (5th Cir. 1969).
We believe the better rule to be that a court should examine only the co-defendant's statement itself for references to or incriminations of the defendant. If none are present, then the court may admit the co-defendant's statement without considering connecting testimony tending to incriminate the defendant. To hold otherwise would require the trial judge to examine the State's entire case for "linkages" between the co-defendant's statement and the defendant. See United Statesv. Belle, supra, at 496. Such a result would be not only impractical but also contrary to the stated rationale of Bruton
itself.
One of the bases for the court's holding in Bruton was its recognition of the inherent unreliability of co-defendant's testimony, given the tendency of an accomplice to shift the blame to his confederates. The court stated:
 "Not only are the incriminations [of a co-defendant's confession] devastating to a defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motivation to shift blame onto others."
In the case before us, Bice's admission of ownership of two rings does not by any means shift blame to appellant. It does not even refer to appellant. Consequently, Bice's statement is neither "devastating" nor "inevitably suspect," and it does not fall within the rationale of Bruton. See also Parker v.Randolph, 442 U.S. 62, 99 S.Ct. 2132, 2139, 60 L.Ed.2d 713
(1979).
Finally, the Bruton rules does not apply to the present case because appellant was not denied his right to confront Bice. As the United States Supreme Court stated in Nelson v. O'Neil,402 U.S. 622, 626, 91 S.Ct. 1723, 1726, 29 L.Ed.2d 222 (1971):
 "[T]he `confrontation' guaranteed by the Sixth and Fourteenth Amendments is confrontation at trial —
that is, that the absence of the defendant at the time the codefendant allegedly made the out-of-court statement is immaterial, so long as the declarant can be cross-examined on the witness stand at trial." [Emphasis in original]
The court continued:
 "Moreover, `where the declarant is not absent, but is present to testify and to *Page 262 
submit to cross-examination, our cases, if anything, support the conclusion that the admission of his out-of-court statements does not create a confrontation problem.'" [Quoting California v. Green, 399 U.S. 149, 162, 90 S.Ct. 1930, 1937, 26 L.Ed.2d 489 (1969)].
Bice was present during appellant's trial by virtue of a court order for the production of incarcerated witnesses. The record reveals that he was brought into the courtroom on numerous occasions to be identified by eyewitnesses to the robbery. He was subject to examination, had appellant chosen to call him as a witness. Barber v. Page, 390 U.S. 719,88 S.Ct. 1318, 20 L.Ed.2d 255, (1968) (no opportunity to cross-examine, at trial, unavailable witness who gave preliminary hearing testimony); Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245,16 L.Ed.2d 314 (1966), (outright denial of cross-examination, even though witness present at trial); Douglas v. Alabama,380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965) (no opportunity to cross-examine accomplice because he invoked Fifth Amendment privilege); Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065,13 L.Ed.2d 923 (1965) (right of cross-examination denied by introduction of witness' testimony given at preliminary hearing at which defendant was uncounseled). We cannot assume, from a silent record, that Bice would have refused to testify if appellant had called him. Under these circumstances, we find that appellant was not denied his right of confrontation secured by the Sixth and Fourteenth Amendments; on the contrary, appellant simply chose not to exercise that right.
 IV
Appellant argues that the court erred by overruling his motion to exclude the State's evidence and by refusing his requested affirmative charges. We find no merit to his contention that the evidence was insufficient to present a jury question. Though circumstantial, the evidence pointed to appellant as a member of the conspiracy, Williams v. State, supra, and as the driver of the getaway car for Barnett and Bice. Circumstantial evidence is entitled to the same weight as direct evidence when it points to the accused as the guilty party. Locke v. State, Ala.Cr.App., 338 So.2d 488 (1976). Here the jury could conclude that the evidence excluded every reasonable hypothesis but appellant's guilt. See Dolvin v.State, Ala., 391 So.2d 133 (1980); Cumbo v. State, Ala.Cr.App.,368 So.2d 871 (1978), cert. den. 368 So.2d 877 (1979).
We have searched the record and have found no error prejudicial to appellant, therefore the judgment and conviction by the Morgan Circuit Court is affirmed.
AFFIRMED.
HARRIS, P.J., and TYSON and BOOKOUT, JJ., concur.
BOWEN, J., concurs in result.