Steven Randall Sommer was indicted for the offense of selling marijuana in violation of § 20-2-70, Code of Alabama 1975. The jury found Sommer "guilty as charged" and, following a sentencing hearing, the trial judge set punishment at three years' imprisonment and a $1,000.00 fine.
Sommer appeals from this conviction alleging (1) that the trial court erred in admitting the marijuana into evidence over his objection that a proper chain of custody was not shown and, (2) that the trial court erred in refusing to charge the jury on the defense of entrapment.
On November 7, 1984 Jerry Newton, a narcotics officer with the sheriff's department, went to Lurleen B. Wallace Junior College in Andalusia, Alabama, pursuant to information he received from a confidential informant. At approximately 7:00 p.m. another vehicle drove into the parking lot and stopped. One Terry Ziggler got out of this vehicle and approached Newton's car. Newton and Ziggler then "discussed" a drug transaction. Ziggler walked back to his vehicle, then returned to Newton's car, along with the appellant in this cause. Newton asked the appellant if he knew where he could buy a bag of marijuana. The appellant told Newton that he did but that it would cost Newton $30.00 before he went to get the marijuana. The appellant assured Newton that the marijuana was good quality and told him that, if Newton were not satisfied with the marijuana, he would give him his money back. Newton then gave the appellant $30.00 and the appellant and Ziggler left the parking lot.
Approximately one hour later the appellant and Ziggler returned. Appellant told Newton that he had found a $30.00 bag, but that he did not think it was worth $30.00. He also told Newton that he had found a $15.00 bag that was "worth some money." Newton requested the $15.00 bag. The appellant and Ziggler left again, only to return in 20 minutes. The appellant handed Newton a plastic bag of marijuana and $15.00 through the car window. Newton then got out of his car and arrested the appellant and Ziggler.
Newton identified a plastic bag of marijuana as the one that the appellant sold him. He testified that he had taken this bag of marijuana and placed it in a brown envelope. He then sealed this envelope and took it to the State Crime Lab in Enterprise, Alabama. He gave the envelope to Joseph Saloom, the administrator of the crime lab. Approximately two months later, Saloom delivered the envelope and a report of his findings to Newton, where it had been in his custody and control until the day of trial.
The morning following the appellant's arrest, Newton advised appellant of his Miranda rights and asked him if he wanted to make a statement. The appellant signed an Ireland form, stated that he understood his constitutional rights and that he wished to make a statement. This statement was admitted into evidence. (R. 13). In his statement the appellant corroborates the events testified to by Officer Newton. (See R. 13). *Page 645 
Newton further testified that Terry Ziggler was the subject of his investigation on the night of the drug transaction. He stated that he did not know the appellant prior to that night and that Ziggler was the only person who was supposed to be there that night.
During trial the appellant testified that he was approached by Terry Ziggler to get him some marijuana and that he refused. He stated that he and Ziggler drove out to the junior college where they met a girl and Deputy Newton. He stated that Ziggler went over to Newton's car, then returned and asked him to talk with Newton. He went over to Newton's car and talked with him, then told both Ziggler and Newton that he really didn't want to get any marijuana, but that he would do it as a favor. (R. 38). The appellant testified that Newton did not put any pressure on him to get the marijuana, that Newton did not threaten him, that Newton did not force or coerce him into getting the marijuana, nor did Newton beg and plead with him in order to obtain the marijuana. (R. 38). He stated that Newton gave him the money to get the marijuana, he went and got it and, upon returning, he and Ziggler were arrested by Newton.
Before trial of this cause defense counsel stipulated that he would not object to the introduction of a certified copy of the laboratory analysis and report finding that the leafy plant substance sold to Newton by the appellant was, in fact, marijuana. This report, which was prepared by Joseph Saloom, contained a documentation of the chain of custody and a statement that the substance analyzed was, in fact, marijuana. Such report was introduced into evidence.
 I
The appellant contends that the trial court erred in admitting the marijuana because of a deficiency in the chain of custody.
The establishment of a chain of custody is needed to show a reasonable possibility that evidence has not been tampered with or altered. Smith v. State, 446 So.2d 68 (Ala.Crim.App. 1984);Tate v. State, 435 So.2d 190 (Ala.Crim.App. 1983). However, it is not necessary to prove to an absolute certainty, but only to a reasonable probability, that the object is the same as, and not substantially different from, the object at the commencement of the chain. Slaughter v. State, 411 So.2d 819
(Ala.Crim.App. 1981), cert. denied, 411 So.2d 819 (Ala. 1982. See also, Mauldin v. State, 402 So.2d 1106 (Ala.Crim.App. 1981); Sexton v. State, 346 So.2d 1177 (Ala.Crim.App.), cert. denied, 346 So.2d 1180 (Ala. 1977). Moreover, where a weak link in the chain of custody is said to exist, it presents a question of the credit and weight to be afforded the evidence rather than the admissibility of the item. Williams v. State,375 So.2d 1257 (Ala.Crim.App.), cert. denied, 375 So.2d 1271
(Ala. 1979).
A review of the evidence in this cause reveals that a sufficient chain of custody was presented and established. The trial court did not err in admitting this evidence.
 II
The appellant contends that the trial court erred in refusing to charge the jury on the defense of entrapment.
The evidence in this cause established that Newton was expecting to deal with Ziggler, that Ziggler approached the appellant to help him obtain some marijuana and that the appellant agreed to do so. It further shows that the appellant found two "bags" of marijuana but decided that one such bag was not worth the money, that he then went and told the officer this information, that the officer requested the smaller "bag" and that appellant then went and got such marijuana for the officer. The evidence further shows that the appellant made a voluntary statement the day after his arrest and that the contents of this statement do not reveal any evidence of "entrapment" as he now argues took place. There simply is no evidence to show that government agents induced the appellant into committing the crime charged. It is clear that the appellant was predisposed to commit such crime. There was a conflict between testimony offered by the prosecution and that of the defendant. *Page 646 
The appellant stated that he refused to get the marijuana for the officer and Ziggler, but that after they insisted, he agreed to do so "as a favor." The prosecution denies that the appellant refused to make the deal. Instead, they brought forth evidence that the appellant was ready and willing to do "business" with them. In this situation, it is clear that no entrapment occurred. Johnson v. State, 36 Ala. App. 634,61 So.2d 867 (1952), Williams v. State, 409 So.2d 949
(Ala.Crim.App. 1981). The appellant has failed to establish that he was entrapped as a matter of law. As a result, the trial court did not err in refusing to charge the jury on this defense. See United States v. Tobias, 662 F.2d 381 (5th Cir. 1981), cert. denied, 457 U.S. 1108, 102 S.Ct. 2908,73 L.Ed.2d 1317 (1982); United States v. Walker, 720 F.2d 1527 (11th Cir. 1983), cert. denied, Gustin v. United States, 465 U.S. 1108,104 S.Ct. 1614, 80 L.Ed.2d 143 (1984); Fields v. State,424 So.2d 697 (Ala.Crim.App. 1981); Watson v. State, 439 So.2d 762
(Ala.Crim.App. 1983); Chillous v. State, 441 So.2d 1055
(Ala.Crim.App. 1983).
A careful review of this cause reveals no error. This cause is, therefore, affirmed.
AFFIRMED.
All the Judges concur.