HAWKINS versus THE STATE.

1. The imprisonment, which the act of 1807, ("to punish crimes and misdemeanors," section 5,) imposes on persons guilty of an assault with an intent to kill, is not to be assessed and determined by the jury, but by the court.

On points reserved from Monroe Circuit court.

This was an indictment against Hawkins, for committing an assault on Odum, with intent to kill, and murder. The jury found the prisoner guilty, and assessed his fine to fifty dollars, and also, assessed his imprisonment to forty-five days.

The court gave judgment for the fine, committing the prisoner to prison, until the same should be paid, with costs. The sentence for imprisonment, as assessed by the jury, was suspended, until the next term of the court; and it was reserved for the determination of the Supreme court, as a point novel and difficult, whether, according to the statutes of the State, the court, or the jury, should assess the imprisonment in a case of this kind.

SAFFOLD, J.—Hawkins was indicted in the Circuit court of Monroe county, for an assault, with intent to kill and murder J. T. Odum. A trial was had, when a conviction took place, as follows: "We, the jury, find the defendant guilty, as charged in the first count of the indictment, and assess a fine against him, of fifty dollars, and forty-five days' imprisonment. Martin Greer, foreman."

It is, therefore, considered, by the court now here,

that John Gayle, Governor of the State of Alabama, and his successors in office, do recover from the said James H. Hawkins, the sum of fifty dollars, the fine assessed by the jury aforesaid—together with the cost of this prosecution ; and, that the said Hawkins stand committed in the custody of the sheriff, until the fine and costs are paid."

The record further states, that the court suspended the sentence of imprisonment, until the next term of the court ; and reserved for the opinion of the Supreme court, as a novel and difficult question, the point, whether, under the statutes of the State, the court or the jury should assess the imprisonment, to be inflicted on one who commits an assault with intent to murder.

The act, under which this conviction was had, is that " to punish crimes and misdemeanors," of 1807, section five. It provides, that in case of conviction of the offence here charged, the convict " shall be amerced in such sum as shall be assessed against him, or her, by the verdict of the jury, and imprisoned a term, not exceeding one year: and shall also give security for good behaviour," &c.

The doctrine of the common law, in all cases, punishable by fine and imprisonment, is, that the jury have only to find the accused guilty or not guilty ; and it rests with the court to determine both the fine and imprisonment: the statute above cited, is therefore, an innovation upon the rules of the common law, so far as it transfers powers from the court to the jury ; and to entitle it to that construction, the intention of the legislature should be clearly indicated. This statute is sufficiently explicit, in transferring the authority, in relation to the

*fine*—not so, respecting the *imprisonment*—as to which, the different construction is more rational.

If any doubt could remain, as to the correctness of this construction, it is believed, the fifty-third section of the same act must remove it. It directs that no person shall, on conviction for any offence "be fined in a greater sum than shall be assessed by the verdict of a jury;" and that in all cases where the defendant shall plead guilty, the court "shall forthwith impound a jury to assess the *fine*, which shall be inflicted on such defendant, or defendants." It makes no allusion to any general power in the jury to inflict imprisonment.

It is also observable that a variety of other crimes and misdemeanors, are, by the same act, subjected to punishment by fine and imprisonment, but in no one instance has the infliction of the imprisonment been transferred from the court to the jury; the assessment of the fine has, in several. By later acts the imposition of the imprisonment, as well as the assessment of the fine, in respect to a few offences, particularly designated, has been confided to the jury. It is so in reference to manslaughter; and in that crime the jury have a discretion to impose both fine and imprisonment, or either alone. This construction of the various statutes referred to, is believed, most generally, to have prevailed, as we think it ought to have done.

The preceding remarks were deemed proper for the purpose of removing any doubt, in future, as to the construction of the statutes in this respect. But the question intended to be reserved, has not been presented in the requisite form and manner, to entitle it to revision here. The circuit court does not ap-

pear to have adjudicated the question. It has not passed sentence of imprisonment against the convict according to the verdict, or for any other term, except the usual order for confinement, until the fine and costs were paid; nor does it appear that the court declared any opinion, whether this power devolved on the court or jury. As the record is, the convict is only subject to the fine and costs, and imprisonment until paid: respecting the legality of this, no question was reserved. If he ought to have received sentence for a longer term of imprisonment, he has no right, and is presumed to have no wish, to complain of it. The case is therefore dismissed from this court.