(116 So. 112)

## FOLMAR v. STATE.    (4 Div. 370.)

Supreme Court of Alabama.    March 27, 1928.

Rehearing Denied April 12, 1928.

**1. Criminal law ⟜958(3)—Accused is not entitled to new trial for newly discovered evidence which he does not show was unknown at time of trial.**

In criminal case, defendant is not entitled to new trial for newly discovered evidence, where he does not allege or prove that such evidence was unknown to him at time of trial.

**2. Criminal law ⟜1114(1)—On appeal from conviction, Court of Appeals must consider points presented by record.**

On appeal from conviction of violating Prohibition Law, Court of Appeals has duty under statute to consider points which are presented by record.

**3. Criminal law ⟜1179—On certiorari after affirmance of conviction, Supreme Court reviews Court of Appeals only on questions decided.**

Where conviction of violating Prohibition Law was affirmed by Court of Appeals, Supreme Court on application for certiorari only reviews on questions decided by Court of Appeals, not questions that are not treated.

Certiorari to Court of Appeals.

Rodgers Folmar was convicted of violating the Prohibition Law and appealed to the Court of Appeals. The judgment of conviction being there affirmed, defendant applies to the Supreme Court for certiorari to the Court of Appeals to review and revise said judgment and decision (116 So. 110). Writ denied.

Brassell & Brassell, of Montgomery, for applicant.

Newly discovered evidence offered by defendant was admissible. Houston v. State, 208 Ala. 660, 95 So. 145; Ellis v. State, 18 Ala. App. 544, 93 So. 334; Kawark v. State, 19 Ala. App. 279, 97 So. 113; Fries v. Acme White Lead Co., 201 Ala. 613, 79 So. 45. It was error for the state to seek to show on cross-examination that defendant had not summoned his wife.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

ANDERSON, C. J. [1] The Court of Appeals held that the defendant did not bring himself within the rule so as to entitle him to a new trial because of newly discovered evidence, for the reason that he did not allege or prove that said evidence was unknown to him at the time of the trial. This fact is, of course, essential, and the finding of same by the Court of Appeals will not be considered or disturbed by this court. Postal Telegraph Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

[2, 3] The only other complaint against the holding of the Court of Appeals relates to a point which seems not to have been treated in the opinion of the said court. If the record presents point, it would, of course, be the duty of the Court of Appeals, under the statute, to consider same; but we only review said court upon questions decided, and not ones that are not treated.

The writ is denied.

SAYRE, GARDNER, and BOULDIN, JJ., concur.