171 So. 383

BALLAS v. STATE.

8 Div. 418.

Court of Appeals of Alabama.

Oct. 27, 1936.

Rehearing Denied Nov. 3, 1936.

171 So. 293

## BARNETT v. STATE.

6 Div. 748.

Court of Appeals of Alabama.

Oct. 6, 1936.

Rehearing Denied Nov. 3, 1936.

S. A. Lynne, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appeal is from a judgment of conviction in the lower court wherein this appellant was charged with the offense of being unlawfully in possession of prohibited liquors.

Learned counsel for appellant strenuously insist that the court erred in refusing the affirmative charge requested in writing. This is the only point of decision involved upon this appeal.

We have read and considered the evidence adduced upon the trial of this case in the court below. This evidence was without dispute or conflict, and from which it needs no stretch of imagination to determine the character of the place of business described by the State witnesses, officers of the law, who made the "raid" and found large quantities of "Cooks" and other well-known brands of beer, several cases, in the ice box of the establishment in question. The foregoing was, in our opinion, ample to establish the corpus delicti. The principal or controlling question remaining was the connection of the accused with the place of business. There is no doubt but that this evidence tended to show that it was the defendant's place of business. He entered the place of business while the officers were there and everything that was said or done at the time was of the res gestae and the court properly so held. The evidence, as stated, tended to show that the accused was in possession of the premises and was anxious to determine who it was that made the complaint, etc. The evidence presented a jury question; therefore, the court was without authority to direct the verdict.

No error appearing. the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.