15 So.2d 912

## HARDIN v. STATE.
### 8 Div. 302.

Court of Appeals of Alabama.
Dec. 14, 1943.

W. W. Malone, Jr., and W. W. Malone, both of Athens, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for the unlawful possession of whiskey, this appeal was taken.

The facts of the case, proven on the trial in the court below, were without dispute or conflict and consisted solely upon the testimony of the State witnesses. The defendant offered none. The statement of these facts contained in brief of the Attorney General, representing the State, are fully sustained by the record, and are as follows: "The evidence for the State tended to show that on April 3, 1942, certain State and county officers of the law, armed with a search warrant, proceeded to search a place called White Castle (which was operated by appellant) for whiskey. They arrived at the White Castle Cafe about three o'clock p. m., and started the search. The appellant was not present at the time the officers of the law arrived to search the premises for prohibited liquors, but arrived shortly after the search got under way and saw the whiskey which the officers found in appellant's place of business. Appellant made no declaration as to the whiskey which he saw the officers taking from his place of business; said he had no statement to make. The whiskey was found on the inside of appellant's place of business in the wall of a small room adjoining the dance hall which said wall had a trap or slide door to better secrete said whiskey. The officers found nine full pints and nine half pints of whiskey in a compartment behind the slide or trap door in said wall of the White Castle Cafe. The evidence further showed that there were 'a world of empties in there' (meaning the same place in which the whiskey was found). It was undisputed that the defendant operated the White Castle Cafe before, at the time of, and since the raid."

At the conclusion of the State's testimony, the defendant moved the court to exclude the evidence, on the grounds that the State had failed to make out a prima facie case against the defendant. The exception reserved to the action of the court in overruling said motion, was wholly without merit. So, also, the exception reserved to the action of the court in overruling and denying defendant's motion for a new trial. Ballas v. State, 27 Ala.App. 276, 171 So. 383.

Three charges were refused to defendant, each of said charges seeking a directed verdict. There is no phase of this case which entitled the defendant to the affirmative charge, and in refusing the three charges the court committed no error.

No further discussion is deemed necessary.

Affirmed.