27 So.2d 43

## TILLISON v. STATE.

### 6 Div. 473.

Supreme Court of Alabama.

July 25, 1946.

---

[1] Ante, p. 12.

Lewey Robinson, of Birmingham, for petitioner.

Wm. N. McQueen, Atty. Gen., and Willard W. Livingston, Asst. Atty. Gen., opposed.

LAWSON, Justice.

Frank Tillerson, alias Frank Tillison, was convicted of the possession for sale of untaxed whisky without permission of the Alabama Alcoholic Beverage Control Board, and of illegal possession of the above-mentioned whisky. On appeal to the Court of Appeals the judgment of the trial court was affirmed. The cause is here on petition by the defendant for writ of certiorari to the Court of Appeals to review and revise the opinion and judgment of that court.

The only question dealt with in the opinion of the Court of Appeals relates to the admissibility of certain statements or declarations alleged to have been made by the defendant. Hence our review is limited to a consideration of that single point, as we only review the Court of Appeals upon questions decided and do not make an original examination of the record of the proceedings in the circuit court to determine if such record shows error apart from the principles stated by the Court of Appeals. Folmar v. State, 217 Ala. 410, 116 So. 112; Skipper v. State, 220 Ala. 78, 124 So. 118.

It is the contention of defendant that the statements alleged to have been made by him, as set out in the opinion of the Court of Appeals, were improperly admitted in evidence in that they are in the nature of confessions and prior to the admission in evidence the State had not shown that such statements were voluntarily made. Aside from a consideration of whether these were inculpatory statements, they were, in our opinion, a part of the res gestæ and for that reason were admissible. The possession of illegal liquors is a continuing offense and in decisions by the Court of Appeals, in some of which certiorari has been denied by this court, the res gestæ doctrine has been held to include acts and statements of a defendant made at the time of a raid or a search for illegal liquors. Riley v. State, 27 Ala.App. 376, 172 So. 680; Ballas v. State, 27 Ala.App. 276, 171 So. 383, certiorari denied, 233 Ala. 227, 171 So. 384. As we construe the facts as set out in the opinion of the Court of Appeals, the statements alleged to have been made by defendant were all uttered while the officers were engaged in the search for the alleged illegal liquors, which was but one continuous transaction. Armor v. State, 63 Ala. 173; Blair v. State, 211 Ala. 53, 99 So. 314; Jordan v. State, 81 Ala. 20, 1 So. 577; Glass

v. State, 147 Ala. 50, 41 So. 727; Wharton's Crim.Ev., Vol. 1, § 495, p. 755 (11th ed.).

■ The rules relating to res gestæ on the one hand and to admission of confessions on the other, are separate and distinct. A res gestæ statement is admissible, notwithstanding the fact that it may not be admissible as a confession or an admission. 16 C.J. 576; 22 C.J.S., Criminal Law, § 667; Williams v. State, 147 Ala. 10, 41 So. 992; Head v. State, 44 Miss. 731; Bronson v. State, 51 Tex.Cr.R. 17, 127 S.W. 175.

■· While we agree with the conclusion of the Court of Appeals that the trial court did not err in admitting in evidence the statements alleged to have been made by defendant in that they were, under the rule in this jurisdiction, admissible as part of the res gestæ, we do not approve of the following statement contained in the opinion of the Court of Appeals: "All statements made by an accused during the progress of, and immediately prior to an arrest, relevant to the offense charged, are of the res gestæ and as such admissible in evidence." We think that the statement above quoted is too broad in that it is subject to the construction that statements made at the time of the arrest are always admissible under the res gestæ doctrine irrespective of the fact that the arrest may have occurred long subsequent to the time of the commission of the offense. The rule is stated in 16 C.J. 576, § 1116; 22 C.J.S., Criminal Law, § 667, as follows: "Ordinarily the acts, conduct, and statements of accused at the time that he surrendered or was arrested, and after he was arrested, are so separated in time, place, or circumstance from the commission of the offense as to lack the spontaneity necessary to make them a part of the res gestæ; but they are admissible as part of the res gestæ under some circumstances, as where the arrest was made or attempted shortly after the commission of the offense and the acts or statements were done or made while the mind was still acting under the exciting cause of the occurrence." Brown v. State, 11 Ala.App. 321, 66 So. 829.

We are also of the opinion that the following quotation from the opinion of the Court of Appeals may be misleading as to the rule prevailing in this jurisdiction relative to the admission in evidence of inculpatory admissions made by a defendant: "Further, these statements of the appellant made as above said would have to be supplemented and reinforced with other facts to spell out the offenses charged. They were therefore not confessions whose voluntary character would have to be established prior to their reception as evidence, but were admissions against interest and as such properly received." In support of the above statement the case of Reid v. State, 168 Ala. 118, 53 So. 254, is cited. That case contains the following language: "In addition to what has been said, the evidence admitted did not constitute a confession, and, if it did, it was proved to have been voluntarily made. An admission of a fact which, in connection with other facts, may show the commission of an offense, is not a confession."

■■ The above quotation from Reid v. State, supra, merely states the rule often followed in determining whether a statement is a confession or an admission. Wharton's Crim.Ev., Vol. 2, § 580, p. 954, 11th Ed. We think the statement of the Court of Appeals last above-quoted may be subject to the construction that only direct confessions of guilt must be shown to have been voluntarily made before they can be admitted into evidence. The rule here prevailing is stated in the case of Herring v. State, 242 Ala. 85, 5 So.2d 104, 105, as follows: "The rule in this state does not limit confessions, requiring the laying of a predicate, to direct confessions of guilt. It is required, however, that the statement, within itself, shall be incriminating, support an inference of guilt. Statements of collateral facts, not criminating within themselves, but depending on other and outside evidence, disclosing a chain of circumstances incriminating in character, are not confessions within the rule requiring the laying of a predicate, but are deemed voluntary."

■ There is another line of cases which holds that while confessions and inculpatory admissions in the nature of confessions which tend directly to connect defendant with the commission of the crime must be shown to have been voluntarily made, that

202

where the facts and circumstances under which they were made affirmatively show that there was no improper influence proceeding from the person to whom they were made or from any other person or from surrounding circumstances, confessions and inculpatory admissions are prima facie voluntary and admissible. Washington v. State, 106 Ala. 58, 17 So. 546; Heningburg v. State, 153 Ala. 13, 45 So. 246; Christian v. State, 133 Ala. 109, 32 So. 64; Bush v. State, 136 Ala. 85, 33 So. 878; Fincher v. State, 211 Ala. 388, 100 So. 657; Morris v. State, 25 Ala.App. 156, 162, 142 So. 592; Henly v. State, 21 Ala.App. 259, 107 So. 801, certiorari denied, 214 Ala. 314, 107 So. 801.

Writ of certiorari is denied and judgment affirmed.

All the Justices concur.