60 So.2d 358

## GREER v. STATE.
### I Div. 648.

Court of Appeals of Alabama.
Aug. 19, 1952.

Hubert M. Hall, Bay Minette, and Edgar R. Nelson, Fairhope, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

This is an appeal from a judgment of conviction for the offense of murder in the second degree.

The deceased was the wife of the accused.

According to the evidence for the prosecution, the appellant fatally shot his wife

as she lay on a bed in her home. The tendency of this proof was that the homicide was without legal excuse or justification.

The defendant testified that he and his wife were in a scuffle for the possession of a pistol and during the struggle the gun was accidentally fired.

The prime question of reviewable concern relates to the admission in evidence of a statement the appellant allegedly made a short time after the fatal shot was fired.

The insistence is made that error should be here charged because it was not established by the usual and customary proof that the statement was voluntarily made.

It appears, according to the State's evidence, that after the deceased was shot the appellant ran out of the house and proceeded to chase another woman through a field, and in the pursuit he fired one or two pistol shots. The appellant soon gave up his chase and returned to the scene of the fatal shooting. About fifteen or twenty minutes later he was apprehended by an officer.

The statement of instant concern was allegedly made by the appellant to the officer.

To assure an accurate and intelligent review we will copy from the record:

"Q. And what was Bill Greer doing when you got there? A. He was walking down in front of that house going back, going north.

"Q. Did he have anything in his hand? A. No sir, at that time, I couldn't tell. I was too far from him.

"Q. Did you later notice anything in his hand? A. No sir, never did.

"Q. Sir? A. No sir.

"Q. I'll ask you if Bill Greer said anything to you?

"Mr. Hall: I object to the question.

"The Court: Overrule the objection.

"Mr. Hall: I except. The proper predicate is not laid.

"The Court: I think it's part of the res gestae.

"A. When I came up on him he was going the other way and I blowed my siren at him and he turned and broke and run back around the house.

"Q. Did you say anything to him? A. I called him.

"Mr. Hall: I object to the question.

"The Court: Overrule the objection.

"Mr. Hall: I except.

"A. I called him and he hesitated and then he come and I was walking meeting him.

"Q. You went walking meeting him? A. Yes sir, and he said that—

"Mr. Hall: Now I object to that statement, what Bill Greer said.

"The Court: I overrule the objection.

"Mr. Hall: I except.

"A. He said he had already, he was ready to go because he had already got the S. Bs, son of a bitches, that he said he wanted to get and he was ready to give up."

The presiding judge apparently entertained the view that the indicated statement constituted a part of the res gestae. There is some doubt about the soundness of this view. However, we are persuaded that the admission of the alleged statement, without formal proof to establish that it was voluntarily made, can be justified by the application of a well recognized rule.

■ A confession or incriminating assertion is presumed to be involuntary and inadmissible in evidence. The courts must not lose sight of the importance and purport of this truism.

■ There is a long line of authorities which hold that when the facts and circumstances attending the utterance of the confession clearly establish that it was made without fear or hope of reward the necessity of laying the formal predicate is obviated.

■ The duty rests on the trial judge to determine whether or not a confession was voluntarily made. His judgment or decision in this regard must be controlled by all the attendant circumstances.

In the early case of Sullins v. State, 53 Ala. 474, our Supreme Court held:

"Before the confessions of the accused, or admissions made by him, can be received as evidence against him, it must appear to the court that they were voluntary, not constrained. Though made to the officer arresting him, or to the magistrate before whom he is carried for examination; or made in answer to inquiries propounded by either officer; and though neither has cautioned or warned him against confessing; if, on a consideration of all the circumstances surrounding him when made, they do not seem to have been influenced by the appliances of hope or fear, from others, they are competent evidence."

This doctrine or rule has been consistently followed down through the long judicial history of our appellate courts. This is made sure by an examination of the following authorities: Love v. State, 124 Ala. 82, 27 So. 217; Christian v. State, 133 Ala. 109, 32 So. 64; Bush v. State, 136 Ala. 85, 33 So. 878; Morris v. State, 146 Ala. 66, 41 So. 274; Reedy v. State, 246 Ala. 363, 20 So.2d 528; Tillison v. State, 248 Ala. 199, 27 So.2d 43; Drake v. State, Ala.Sup., 57 So.2d 817;[1] Davis v. State, Ala.Sup., 59 So.2d 592;[2] Gardner v. State, 4 Ala.App. 131, 58 So. 1001; Henly v. State, 21 Ala.App. 259, 107 So. 801; Morris v. State, 25 Ala.App. 156, 142 So. 592; Cline v. State, 25 Ala.App. 433, 148 So. 172.

■ A review of the above quoted excerpt from the record will lead to the unquestioned conclusion that there is not the slightest reason for supposing that the alleged declarations of the accused were induced or invited by the acts or coercion of the officer. The contrary clearly appears.

We may suggest that it is always a better and safer practice for the prosecuting officer to lay the formal predicate when effort is made to introduce a confession of an accused.

The question to which we have responded is the only one pressed in brief of counsel for appellant.

Our examination of the record convinces us that this is the only matter which merits any discussion.

It is ordered that the judgment below be affirmed.

Affirmed.