83 So.2d 619

### Willie Lee WOOD

v.

### STATE.

### 6 Div. 971.

Court of Appeals of Alabama.

Nov. 22, 1955.

---

Walter G. Woods, Tuscaloosa, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of distilling prohibited liquors or beverages. Title 29, § 103, Code 1940.

■ The evidence for the State tended to show that the arresting officers saw appellant and two other men working at the still. The still was in full operation with whiskey running from it. Several gallons of whiskey was found in containers nearby. All three of the men ran but defendant was overtaken and immediately brought back to the still where he made a statement in which he admitted that he owned one-third of the distillery and that he and the other two men had planned to divide the whiskey three ways. The two persons assisting defendant at the still escaped and defendant would not tell the officers who these men were.

The defendant, as a witness in his own behalf, admitted that he was at the still, but claimed he had been fishing and merely came to the distillery for a drink of whiskey. He denied making a statement to the officers that he was a part owner of the still or the whiskey and denied that he was working at the still.

Under the evidence the defendant was not entitled to the general affirmative charge.

■■ The only ruling complained of in appellant's brief is the court's action in allowing the witness Jenkins to narrate, over objection, the confession of the defendant as made to Jenkins and the other two arresting officers, Snyder and Burton.

The witness had stated that the three officers and defendant were the only persons present at the still when the statement was made. Jenkins was duly qualified as to threats or promises made to appellant by the witness or by any one in his presence or hearing, and testified Snyder and Burton did not make threats or offer inducements, but appellant contends that because the witness stated he could not remember everything that was said by every one present at the time, the confession was not shown to be voluntary.

In Kendall v. State, 65 Ala. 492, the court said: "It was not a valid objection to the testimony of the witness Hardy, that he did not recall all the conversation had with the prisoner at the time she made the confession. It was competent for the witness to state all that he did recollect,

and the weight or sufficiency of the evidence could be judged of by the jury."

After proper predicate laid, the witness Snyder had already detailed the confession made at the time testified to by Jenkins.

The voluntary character of the confession was sufficiently established. Moreover, the alleged confession was admissible as a part of the res gestae. Tillison v. State, 248 Ala. 199, 27 So.2d 43.

We find no reversible error in the record and the judgment of the trial court is affirmed.

Affirmed.