139 So.2d 627

**Roy Harold RICHARDSON**

v.

**STATE.**

**8 Div. 795.**

Court of Appeals of Alabama.

March 27, 1962.

W. A. Barnett, Florence, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for State.

PRICE, Judge.

The appellant stands convicted of the offense of the illegal possession of a still to be used for the purpose of manufacturing or distilling prohibited liquors. Title 29, Section 131, Code of Alabama 1940.

The state's evidence consisted of the testimony of four law enforcement officers, who stated that on the night of March 24, 1961, they raided a still located near Rogersville, in Lauderdale County. A complete still was present but the parts were not connected. There was evidence that the parts found were those commonly or generally used or suitable to be used in the manufacture of prohibited liquors or beverages.

The defendant and one Campbell were at the still. The officers saw Campbell handing wood to defendant, who in turn was throwing it on the fire in the still furnace. The mash in the pot was warm, but had not begun to boil, and the defendant was seen stirring or feeling the mash with his hand.

Campbell and defendant were arrested as they were running from the still. One of the officers who caught defendant stated: "Well, well, I—God, looks like we got you here, Harold." The defendant replied, "Yes, I reckon so."

No testimony was offered in defendant's behalf.

The evidence presented questions for the consideration of the jury and was sufficient to sustain the judgment of conviction. There was no error in the court's refusal of the requested affirmative charge nor in the denial of the motion for a new trial. Mitchell v. State, 38 Ala.App. 546, 89 So.2d 238; Bradley v. State, 31 Ala. App. 475, 18 So.2d 702.

A proper predicate was laid showing defendant's statement to the officer, set out hereinabove, was voluntary and no objection was made to its admission on the ground of its involuntariness. After the witness had testified to the statement defense counsel objected and moved to exclude it, "because I don't think it is a confession or a culpatory statement."

It is insisted in brief that defendant's reply to the officer was only to the effect that the officers had caught him in a footrace, and was not a confession, and the court committed reversible error in overruling the motion to exclude. This insistence is without merit. The statement, whether or not it was a confession of guilt, was admissible as a res gestae statement. Tillson v. State, 248 Ala. 199, 27 So.2d 43; Wood v. State, 38 Ala.App. 368, 83 So.2d 619.

The judgment is affirmed.

Affirmed.