280 So.2d 804

**Andrew L. CARPENTER**

v.

**STATE.**

**8 Div. 288.**

Court of Criminal Appeals of Alabama.

May 15, 1973.

Rehearing Denied June 12, 1973.

Watts, Salmon, Roberts & Stephens and Frank K. Noojin, Jr., Huntsville, for appellant.

William J. Baxley, Atty. Gen., and Samuel L. Adams, Sp. Asst. Atty. Gen., Dothan, for the State.

L. S. MOORE, Supernumerary Circuit Judge.

The indictment charged the appellant with unlawfully possessing heroin. His trial under said indictment resulted in a verdict of guilty as charged. Judgment was entered by the trial court sentencing the appellant to imprisonment in the State pentientiary for fifteen years. In addition, the trial judge imposed a fine of $20,000.-00. The appellant's motion for a new trial was overruled by the trial court. Hence, this appeal.

Prior to appellant's arrest, a search warrant was issued authorizing the search of appellant's apartment and of the appellant for certain prohibited drugs. In connection with the execution of this search warrant, Bobby Eddy, a Deputy Sheriff of Madison County, testified in substance that he went to the appellant's apartment on August 28, 1971, at 11:05 P.M., to serve and execute the search warrant; that he knocked on the door and "it was answered by a red-headed girl whom [he] knew to be Terry Young;" that before they opened the door they asked him who he was; that he replied that he was Bob Eddy with the sheriff's office; that the girl opened the door which had a night latch on it; that upon seeing him she "started to slam the door back" and that he then knocked the door down with his shoulder and went inside the apartment; that he showed the search warrant to the appellant and appellant read it; that he searched the appellant and took from his front pocket nine packets of a powder material wrapped in a small cellophane bag; that he found one yellow pill on the floor in the living room, eleven pills in a wooden box on the end table, two spoons on the dresser in the bedroom, and a syringe in a pile of clothes in the hall; that he placed appellant under arrest and advised him of his rights there at the apartment; and that from a card which he carried with him he read to appellant the warnings set out in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694. The witness was then asked this question and made the following response:

"Q. Would you read from it, the same thing that you read to Mr. Carpenter that night?

"A. You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to talk to a lawyer and have him present with you while you are being questioned. If you cannot afford to hire a lawyer one will be appointed to represent you before any questioning if you wish one. Do you understand these rights? Do you understand these rights? He answered in the affirmative. I also advised him that any time that he made a statement any time that he wanted to stop he could do so."

This witness further testified that the appellant did not make any statement at the apartment but that after he was arrested and taken to jail, about one hour and fifteen minutes after his arrest, appellant made a statement to him; that the appellant and that witness were alone in the interrogation room at the jail when the appellant made a statement; that the appellant in said statement stated he did not know where the nine packets came from; that he knew it was there but that it belonged to someone else; that the only warning as to his rights that he gave appellant was at the time of his arrest at the apartment; that he did not again warn him at the jail; that appellant never told him he did not want a lawyer; that he did not tell the appellant that he had a right to have a lawyer present when he interrogated him at the jail or that he had a right to remain silent; and that the appellant did not tell the witness that he wished to waive his right to remain silent.

The appellant objected to the admission of said statements on the basis of the above evidence and, that being overruled by the trial court, the appellant reserved an exception.

No formal predicate was laid for the admission of said statement. The witness was not asked if he threatened or abused the appellant to get him to make a statement or if he offered him any hope of reward. The other elements of a formal predicate for its admission were not laid, nor was any witness questioned concerning the voluntariness of the statement.

The State Toxicologist testified that he examined the material seized and in his opinion it was heroin.

■ The warning given by Officer Eddy to the appellant was sufficient. Davidson v. State, 48 Ala.App. 446, 265 So.2d 888, cert. denied 289 Ala. 741, 265 So.2d 897; Moon v. State, 48 Ala.App. 127, 262 So.2d 615; Embrey v. State, 283 Ala. 110, 214 So.2d 567.

We are, however, concerned with the question of whether appellant waived the constitutional rights he was warned about. In *Miranda,* supra, the Supreme Court of the United States made the following statements of the law:

". . . This Court has always set high standards of proof for the waiver of constitutional rights, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 ALR 357 (1938), and we re-assert these standards as applied to in-custody interrogation. Since the State is responsible for establishing the isolated circumstances under which the interrogation takes place and has the only means of making available corroborated evidence of warnings given during incommunicado interrogation, the burden is rightly on its shoulders.

"An express statement that the individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver. But a valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained. . . .

" '. . . The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.'

. . . . . .

". . . Moreover, any evidence that the accused was threatened, tricked, or cajoled into a waiver will, of course, show that the defendant did not voluntarily waive his privilege. . . ."

Prior to the above assertions in *Miranda,* supra, the Court said:

". . . As we have stated before, 'Since Chambers v. Florida, 309 U.S. 227 [60 S.Ct. 472, 84 L.Ed. 716], this Court has recognized that coercion can be mental as well as physical, and that the blood of the accused is not the only hallmark of an unconstitutional inquisition.' Blackburn v. Alabama, 361 U.S. 199, 206, 80 S.Ct. 274, 279, 4 L.Ed.2d 242, 247 (1960). . . ."

■ Mere silence after a warning is not a waiver. The simple fact that a statement was eventually obtained by in-custody interrogation is not a waiver. And that is all we have in the case at bar. The evidence does not at any point show that the appellant said he did not want an attorney nor did he say that he was willing to make a statement. There is no question as to this being an in-custody interrogation.

In connection with the admission of the inculpatory statements of the appellant, there is another matter which we shall now consider and that is the question of its voluntariness. In Daugherty v. State, 24 Ala.App. 591, 139 So. 439, it is stated:

". . . The general rule, as laid down in Greenleaf on Ev. (16 Ed.) pp.

346, 347, to the effect that inculpatory admissions not amounting to specific confession of guilt require, when offered by the state, no preliminary proof of their voluntary character, has been modified in this state, and in this jurisdiction the rule is that inculpatory admissions in the nature of a confession, that is, directly relating to the fact or circumstances of the crime, and connecting the defendant therewith are subject to the same rules of admissibility as direct confessions, and are therefore prima facie involuntary and inadmissible. McGehee v. State, supra, 171 Ala. 19, 55 So. 159; Wilson v. State, 84 Ala. 426, 4 So. 383; Shelton v. State, 144 Ala. 106, 42 So. 30."

There are decisions which hold that under certain circumstances a formal predicate as to voluntariness is not required. Those cases where all the facts and circumstances surrounding the making of the statement clearly prove it was voluntarily done. See Hines v. State, 50 Ala.App. 161, 277 So.2d 905 (1973); McAdory v. State, 62 Ala. 154; Greer v. State, 36 Ala. App. 522, 60 So.2d 358.

■ In the case at bar the officer who obtained the statements from the appellant had a short time previously, in an effort to execute a search warrant, broken down the door of appellant's home and placed appellant under arrest, searched his person and his apartment, carried him to jail, and there held him in custody and interrogated him in a room with no one else present. As said in *Miranda*, supra, "[T]he State is responsible for establishing the isolated circumstances under which the interrogation takes place and has the only means of making available corroborated evidence." The burden is rightfully on its shoulders. We cannot say under the circumstances outlined by the evidence that the State met the burden of proof imposed upon it and the failure to lay a formal predicate as to the voluntariness of the confessory statements rendered said statements inadmissi-

ble. It was, therefore, error to admit said statement over objection of the appellant.

■ It has been the law in Alabama for more than a century that before any confession can be received in evidence in a criminal case, it must be shown that it was voluntary; that is, was made without appliances of hope or fear by any person. See Brister v. State, 26 Ala. 107. That rule is generally announced in the manner stated in Mullis v. State, 258 Ala. 309, 62 So.2d 451:

> ". . . A confession is prima facie inadmissible as evidence and it must be satisfactorily shown to the court that it is voluntary before it can be received in evidence. . . ."

Therefore, *Miranda* did establish the doctrine that certain warnings as to constitutional rights must be shown to have been given, but it added little or nothing to the doctrine, long the law of Alabama, that the State has the burden of showing the voluntariness of the confessory statements.

The law of this State is rightly directed to a suppression of the drug traffic, but its suppressive effort cannot be set in an ambit of illegality. The law must be followed in our effort to suppress all crimes. The law's demands that confession must be shown to be voluntary is anchored to its search for the truth in evidence. An involuntary confession may not be the truth.

In the case at bar, no effort was made to show the voluntariness and the circumstances surrounding the making of the confessory statements. Since the State failed to meet this burden, error to reversal is made to appear.

■ The appellant made a motion to suppress the evidence seized in the execution of the search warrant on the ground that the affidavit executed to obtain the search warrant is insufficient to justify the issuance of the search warrant. We have given careful study to the said affidavit

**548**

and hold it to be legally sufficient. The evidence obtained and seized in the search was also legally admitted in evidence over appellant's objection on the same grounds.

This prosecution was brought under Title 22, Section 258(10–12), Code of Alabama, 1940, recompiled 1958. Section 258(12) fixes the range of punishment for possession of heroin but is silent as to whether the jury or the judge may impose the fine. It would seem, therefore, that Title 15, Section 335, is controlling. That Section is as follows:

> "In prosecution by indictment, the jury shall fix and determine the amount of the fine; and no judge shall remit or reduce the fine so fixed, unless he spreads his reasons for so doing in full on the minutes of the court."

The above Section places on the jury the duty of determining whether a fine should be imposed. If the jury fails to impose a fine, the trial judge is without authority to do so. Melton v. State, 45 Ala. 56; Hawkins v. State, 3 Stew. & P. 63; Spicer v. State, 105 Ala. 123, 16 So. 706; Harkey v. State, 13 Ala.App. 201, 68 So. 698.

The foregoing opinion was prepared by the Honorable L. S. MOORE, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

It is ordered and adjudged by this Court that for the error noted, the judgment in this cause be reversed and the cause remanded.

Reversed and remanded.

CATES, P. J., and ALMON, TYSON and HARRIS, JJ., concur.

DeCARLO, J., concurs in the result.