280 So.2d 808

In re Andrew L. **CARPENTER**

v.

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel.**
**ATTORNEY GENERAL.**

**SC 443.**

Supreme Court of Alabama.

July 19, 1973.

William J. Baxley, Atty. Gen., and Samuel L. Adams, Sp. Asst. Atty. Gen., for the State.

No brief for respondent.

McCALL, Justice.

This is a petition for a writ of certiorari to the Court of Criminal Appeals to review and revise the opinion and judgment which that court rendered in Carpenter v. State, 50 Ala.App. 543, 280 So.2d 804 [1973].

The State petitions for certiorari on the ground that:

"1. The decision of the Court of Criminal Appeals is in conflict with prior decisions of this Honorable Court in that the decision holds that it is reversable (sic) error to admit a confession or statement of a defendant into evidence in a criminal case unless the predicate as to voluntariness and the circumstances surrounding the making of the confessionary's statements is made even though counsel for the Defendant makes no specific objection to predicate made by the State."

We view this as an attempt to invoke review by certiorari under Supreme Court Rule 39 on the ground that the decision delivered by the Court of Criminal Appeals is "(4) * * * a decision that is in conflict with a prior decision of this court on the same point of law." To obtain review under this quoted section it is provided in the rule that the application for certiorari " * * * must quote that part of the opinion of the appropriate court of appeals, and that part of the prior decision of this court with which the conflict is alleged." Supreme Court Rule 39, Tit. 7, Code of Alabama, 1940 (Cum.Sup.).

The State in its petition has not quoted any specific part of the opinion of the Court of Criminal Appeals which is in conflict with any quoted part from a prior decision of this court. We therefore must deny the petition for writ of certiorari. Morrison v. Morrison, 287 Ala. 343, 251 So.2d 764. See also Aycock v. State, 291 Ala. 49, 277 So.2d 412 (1973).

However, in denying the application for certiorari in this case, we are not to be understood as approving the holding of the Court of Criminal Appeals as it construes the law applicable to the facts of this case.

Writ denied.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.