329 So.2d 643

Lewis GRACE, alias

v.

STATE.

4 Div. 435.

Court of Criminal Appeals of Alabama.

March 30, 1976.

Carl S. Farmer, Abbeville, for appellant.

William J. Baxley, Atty. Gen., and Jack A. Blumenfeld, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted for the unlawful possession of marihuana not for his personal use. Prior to arraignment it was determined that appellant was indigent and the Court appointed counsel to represent him at arraignment and trial. He pleaded not guilty. The trial court sentenced him to twelve years imprisonment in the penitentiary and assessed a fine against him in the sum of $2,000.00. He gave notice of appeal and sentence was suspended pending appeal. He was furnished a free transcript, and trial counsel was appointed to represent him on appeal.

Two ABC Board Agents working as undercover agents for the Drug Enforcement Bureau and several police officers went to appellant's home at 110 Clark Street in Abbeville, Alabama, between 12:30 and 1:00 p. m. armed with a search warrant to search appellant, his home and premises. The date was May 15, 1975. Appellant was not inside the house at the time the officers arrived but he was on the premises near a hog pen loading or unloading some tin on a truck which was about 120 feet from the hog pen. The search warrant was first served on appellant's wife and while the search of the home was being conducted, appellant came in the house and the warrant was then served on him.

The return to the search warrant shows that the officers found approximately 5 grams of marihuana in a bedroom in a

tubular cardboard container and one Roach clip. The officers also found 16 marihuana plants about 2 feet tall and 21 marihuana plants approximately one inch tall growing in the hog pen on the premises. Also in the hog pen were some tomato plants and there was some mulch material around the tomato plants and also around the marihuana plants. The two officers testified that appellant voluntarily stated that he didn't have anything growing in the hog pen but some tomato plants. Appellant denied making this statement.

The officers arrested appellant for possession of marihuana and he was admitted to bail pending trial. After conviction his appeal bond was fixed at $12,000.00.

The officers took the substance found in the house and the 16 plants found in the hog pen and delivered this material to Mr. Richard Dale Carter, a Criminalist with the State Department of Toxicology located in Enterprise, Alabama. After stating his education, qualifications and experience he testified that he conducted an analysis of the green vegetable material in the tubular container and the 16 plants and found the material to be marihuana and that the 16 plants were marihuana plants. He further stated he had performed such tests or analyses more than four thousand times.

Appellant was the only witness in his behalf. He denied any knowledge of the plant material being in his house and denied that he had anything to do with the hog pen on his premises. As above stated, he denied telling the officers that the only things he had growing in the hog pen were tomato plants. He said the only thing he had growing on his property was pinto beans.

On cross-examination he admitted that the officers served the search warrant on him but could not account for the marihuana being in his house or the plants growing in the hog pen. He admitted a prior conviction for forgery in Henry County, Alabama.

The main contention that appellant makes on this appeal is the severity of the punishment of twelve years in the penitentiary. The maximum penalty for possession of marihuana not for personal use is 15 years and a $25,000.00 fine.

Where the sentence is within the statutory limits, this Court does not have revisory powers as to the severity of the sentence. *Philpot v. State*, 43 Ala.App. 326, 190 So.2d 293; *Duncan v. State*, 42 Ala.App. 111, 154 So.2d 302; *Artrip v. State*, 41 Ala.App. 492, 136 So.2d 574.

In a prosecution by indictment where the jury fails to impose a fine, the trial judge is without authority to do so. *Carpenter v. State*, 50 Ala.App. 543, 280 So.2d 804; *Osner v. State*, 54 Ala.App. 520, 310 So.2d 241.

There was no motion to suppress the evidence obtained pursuant to the search warrant; there was no motion to exclude the State's evidence; there was no request for the affirmative charge; there was no motion for a new trial, and no exceptions were reserved to the Court's oral charge. In this state of the record nothing is presented for review. *Price v. State*, 53 Ala.App. 465, 301 So.2d 230; *Goodman v. State*, 52 Ala.App. 265, 291 So.2d 358.

The judgment of the Court below to the extent that it imposed a fine of $2,000.00 in addition to the sentence of twelve years in the penitentiary must be treated as surplusage.

The judgment of the lower court is affirmed.

AFFIRMED.

All the Judges concur.