EMBRY, Justice.
In this case, Dorothy Gray Elmore, was indicted, tried and found guilty by a jury, of driving while intoxicated. However, the jury neither assessed a fine nor declined to fix one. The trial court assessed one of $150 and in lieu of payment sentenced defendant to jail for a term of fifty days.
On appeal the Court of Criminal Appeals reversed and remanded for new trial, Ala.Cr.App., 348 So.2d 262. It held:
“Title 15, Section 335, Code of Alabama 1940, provides as follows:
“ ‘In prosecution by indictment, the jury shall fix and determine the amount of the fine; and no judge shall remit or reduce the fine so fixed, unless he spreads his reasons for so doing in full on the minutes of the court.’
“Under this section the trial court had no authority to impose a fine.
“If the jury fails to impose or assess a fine, the trial judge is without authority *265 to do so. Carpenter v. State, 50 Ala.App. 543, 280 So.2d 804.”
The case is before us to review that decision. We reverse and remand for revision of the opinion in order for the Court of Criminal Appeals to remand to the trial court for proper sentence. This is not to say, however, that the authority to grant probation or suspend sentence is not within the discretion of the trial court. Code of Ala., Tit. 42, § 19; Ex parte Smith, 252 Ala. 415, 41 So.2d 570.
It is true, if the jury fails to impose or assess a fine the trial court is without authority to do so; also, it is without authority to impose a sentence to be served in lieu of payment of the illegally imposed fine. However, where the jury finds the defendant guilty, and fails to assess a fine, imposition of punishment is left to the court under the terms of Code of Ala., Tit. 36, § 2. Grace v. State, 57 Ala.App. 586, 329 So.2d 643 (1976); Winn v. State, 38 Ala.App. 156, 79 So.2d 75 (1954); Code of Ala., Tit. 15, § 336.
REVERSED AND REMANDED IN ACCORD WITH THIS OPINION.
HEFLIN, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.