HARRIS, Presiding Judge.
Appellant was put to trial upon an indictment which, omitting the formal parts, reads as follows:
“The Grand Jury of said County charge that, before the finding of this indictment Jerry Wayne Andrews and Namon Andrews, whose names are to the Grand Jury otherwise unknown, did have in their possession marijuana, a controlled substance, contrary to law, against the peace and dignity of the State of Alabama.”
A severance was granted and appellant Jerry Wayne Andrews was arraigned, in the presence of retained counsel, and interposed a plea of not guilty. Following a trial the jury returned a verdict stating, “We, the jury, find the defendant, Jerry Wayne Andrews, guilty of the possession of marijuana for his own use.”
*569 The trial court sentenced appellant to the County jail for a period of six months. The Court also imposed a fine of five hundred dollars as additional punishment. The fine having not been paid the Court sentenced appellant to the Houston County Jail for 140 days, “to work out the fine in this case. And, such additional number of days, at the rate of $3.00 a day, to work out the costs.”
The evidence presented by the State was more than ample to prove appellant was in possession of marijuana at the time he was arrested. Dothan Police Officer Jackie Mendheim testified that, in the early night hours on November 17, 1977, he pursued a Dodge van for running three stop signs. When the van ran the first stop sign Men-dheim turned on the blue light of his vehicle. At this time the driver of the van speeded up in an attempt to escape. During the chase Mendheim radioed other police units giving a description of the van and its tag number. The van traveled several blocks before it was finally stopped by other police units. At the time the van was stopped Jerry Wayne Andrews was driving it. There were two other persons riding in the van. Appellant and the passengers got out leaving the sliding door of the van open. Officer Mendheim walked up to the open door of the van and saw marijuana seed, marijuana and pieces of paper on the carpet on the floor of the van. This contraband was in plain view of the officer standing outside the open door. Mendheim went into the Sav-A-Minit store located at the place where the van was stopped and got a small brown bag and placed the marijuana in the bag. The marijuana was subsequently sealed in a police department envelope and Officer Mendheim wrote his name over the seal. It was later turned over to the docket sergeant.
The van was driven to police headquarters by another police officer followed by Officer Mendheim. Between fifteen and thirty minutes after reaching the station house Officer Mendheim took the keys from the officer who drove the van to the police department and went to the van which had been locked by the officer who drove it from the arrest scene. Mendheim unlocked the van and found a plastic bag containing marijuana under the mattress in the back of the . van. The plastic bag was put in an evidence envelope and sealed. Mendheim wrote his initials over the seal.
Dothan Police Officer Wendell White testified that, on November 21, 1977, he received the two evidence packages which were both still sealed with “Mendheim” written on the seal. White added his initials and gave both intact bags to Officer Robert Sorrells. Sorrells personally delivered both sealed packages to the Alabama Department of Toxicology in Enterprise, Alabama.
The State Toxicologist, Dr. G. R. McCa-han, Jr., of the Enterprise Division stated that on November 21, 1977, he received the above described packages and that the seals were still intact. He opened each package without disturbing the seals and conducted a laboratory analysis and determined that both packages contained marijuana. The marijuana was a very small amount.
Appellant did not testify nor did he offer any evidence in his defense.
Only two issues are raised on this appeal in which appellant claims reversible error was committed. He claims the State failed to prove that he had constructive possession of the marijuana found in the van driven by him at the time he was arrested, and that he had knowledge that the marijuana was in the van. He further contends that the trial court committed reversible error when he imposed a $500.00 fine on appellant.
Appellant relies on Roberts v. State, Ala.Cr.App., 349 So.2d 89, in support of his contention that the mere presence of an accused in an automobile is not sufficient to establish the requisite knowledge of the presence of drugs. Appellant overlooks the further holding in Roberts that guilty knowledge may be established by circumstantial evidence. Here, as in Roberts, the marijuana was found on the carpet which covered the entire floor of the van. It was not concealed and it was in plain view. The facts in this case are not distinguishable from the facts in Roberts except as to the *570 quantity of the illegal drugs. In Roberts the Court went on to say:
“The evidence presented raised a question of fact for the jury. Such evidence, if believed, is sufficient to support the conviction and the denial of a motion to exclude the State’s evidence or the refusal to give the affirmative charge does not constitute error. Van Nostrand v. State, 56 Ala.App. 141, 319 So.2d 760 (1975)”
What was said in Roberts, supra, is equally applicable to this case, and is apt authority for the affirmance of the judgment of conviction. See also Daniels v. State, 49 Ala.App. 654, 275 So.2d 169 and Henderson v. State, Ala.Cr.App., 347 So.2d 540.
Appellant’s second contention contains merit, but does not require a reversal. In Grace v. State, 57 Ala.App. 586, 329 So.2d 643, this Court held:
“In a prosecution by indictment where the jury fails to impose a fine, the trial judge is without authority to do so. Carpenter v. State, 50 Ala.App. 543, 280 So.2d 804; Osner v. State, 54 Ala.App. 520, 310 So.2d 241.”
The judgment of the court below to the extent that it imposed a fine of five hundred dollars, and in lieu of the payment of said fine, sentenced appellant to 140 days to work out the fine, must be treated as sur-plusage. Otherwise, the judgment of the lower court is affirmed.
AFFIRMED.
All the Judges concur.