HARRIS, Judge.
On September 21, 1983, appellant, Charles August Lee, was convicted of escape in the first degree and was sentenced to a term of ninety-nine years in the state penitentiary.
Appellant now alleges that he was denied his right to a speedy trial as guaranteed by the Sixth Amendment to the Constitution of the United States. The facts governing determination of this issue are the following:
1. November 20, 1980—Appellant escaped from a minimum security facility in Hale County.
2. November 26, 1980—Appellant was captured north of Ozark by the Dale County Sheriff.
3. May 10, 1982—Appellant was indicted for escape.
4. November 15, 1982—The defense was granted a continuance.
5. April 18, 1983—Appellant filed a pro se motion to dismiss the case, claiming a denial of his right to a speedy trial. Motion denied.
6. May 10, 1983—Appellant was arraigned; trial was again continued on motion of the defense.
7. September 21, 1983—Trial, judgment and sentencing of appellant.
Appellant’s right to a speedy trial attached on May 10, 1982, when the indictment was returned against him. Harper v. State, 420 So.2d 835 (Ala.Cr.App.1982) (and cases cited therein). The relevant period for determination of the question of whether appellant was denied a speedy trial is thus from May 10, 1982, when he was indicted, to November 15, 1982, when trial was first set. Delays thereafter were occasioned by the defense. We do not find this six-month delay to be “presumptively prejudicial,” or “patently offensive,” triggering analysis of the remaining factors set out in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Byrd v. State, 421 So.2d 1344 (Ala.Cr.App.1982); Watson v. State, 389 So.2d 961 (Ala.Cr.App.1980); Corn v. State, 387 So.2d 275 (Ala.Cr.App.) cert. denied, 387 So.2d 280 (Ala.1980). We find no violation of appellant’s right to a speedy trial.
Next appellant contends that Section 13A-10-31, Code of Alabama (1975), when applied in pari materia with Section 13A-5-9, prescribes cruel and unusual punishment, and is thus unconstitutional on its face and as applied to appellant.
The -thrust of appellant’s argument is that his punishment should not have been enhanced simply because he had previously been convicted of felonies. The constitutionality of Alabama’s recidivist statute has, however, been affirmed on numerous occasions by this court, and the practice of meting out harsher sentences to habitual criminals is not unconstitutional. E.g., Weaver v. State, 437 So.2d 626 (Ala.Cr.App.1983). We find appellant’s argument that the enhanced punishment statutorily prescribed is unconstitutional as applied to him in particular unconvincing since he had previously been convicted of two first degree murders.
There is no allegation that appellant’s sentence-was beyond statutorily prescribed limits, and where the punishment imposed is within such limits this court does not have jurisdiction to review that punishment. Wright v. State, 423 So.2d 345 (Ala.Cr.App.1982); Fagan v. State, 412 So.2d 1282 (Ala.Cr.App.1982); Grace v. State, 57 Ala.App. 586, 329 So.2d 643 (Ala.Cr.App.1976).
■We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.