Appellant, Shermaine German, was convicted of trafficking in cannabis, in violation of § 20-2-80, Code of Alabama 1975. He was sentenced to 21 years' imprisonment.
Appellant's conviction arises out of the following facts. The Montgomery Fire Department responded to a reported fire at a residence in Montgomery, Alabama. After the fire was extinguished, Lt. John Miller of the fire department conducted the customary and routine search of the building. During his search Miller discovered two plastic bags containing a green, leafy substance.
Miller notified the fire officer in charge at the scene of his discovery. The substance was turned over to the Montgomery Police Department. It was determined that the substance was 26.8 pounds of marijuana.
Investigators with the police department recovered from the scene other items connecting possession of the premises and German. A receipt from the Federal District Court for the Middle District of Alabama bearing the name Shermaine German, a health insurance card in the name of Shermaine German, and a subpeona from the Federal District Court in the name of Shermaine German were found.
 I
Appellant argues that his conviction should be reversed because of insufficient evidence to establish constructive possession of the marijuana. "In a prosecution for unlawful possession of narcotics, it is not necessary to prove manucaption but constructive possession may be shown. . . ."Jones v. State, 432 So.2d 5, 6 (Ala.Cr.App. 1983).
 "Constructive possession can be shown where the controlled substance was found on the premises controlled by the defendant, and guilty knowledge may be established by the surrounding facts and circumstances." Whitehead v. State, 429 So.2d 641
(Ala.Cr.App. 1982); McCord v. State, 373 So.2d 1242
(Ala.Cr.App. 1979).
"When constructive possession is relied upon, the state must prove knowledge of the prohibited substance beyond a reasonable doubt." Grubbs v. State, 462 So.2d 995 (Ala.Cr.App. 1984);Yarbough v. State, 405 So.2d 721 (Ala. 1981).
Lt. Miller testified that appellant on several occasions referred to the premises as his house. At trial Miller quoted German as saying:
 " 'Well, why did y'all call the police out to my house? What gave y'all the right?' *Page 480 
"Q: To my house? Is that what he said?
"A: Yes, sir. Yes, sir."
Miller further testified:
 "[H]e asked me what had we found in his house. And I said I didn't know. And he said that I did know what it was, and he knew what we had found, and that I was going to be sorry for it. Calling the police to his house."
T.R. Shanks, fingerprint examiner for the Montgomery Police Department, testified that a latent fingerprint found on one of the plastic bags discovered in the house was appellant's.
 "Where . . . the presence of the accused at the scene is established by both direct and circumstantial evidence, and the evidence of the accused's knowledge of the presence of the prohibited substance is shown together with other incriminating evidence, the issue of the defendant's guilt should be submitted to the jury." Moore v. State, 457 So.2d 981, 987
(Ala.Cr.App. 1984).
We find that there was sufficient evidence for the jury to find constructive possession beyond a reasonable doubt.
 II
Appellant maintains that the sentence of 21 years imposed by the trial court was so onerous as to be a violation of appellant's constitutional rights. We disagree. Section20-2-80, Code of Alabama 1975, prescribes no maximum limit in sentencing for its violation. Appellant's sentence is legal. "It is not within the province of this court to review sentences which are within the statutory limits." Maye v.State, 472 So.2d 688 (Ala.Cr.App. 1985); Moreland v. State,469 So.2d 1305 (Ala.Cr.App. 1985); Lee v. State, 449 So.2d 1277
(Ala.Cr.App. 1984). Neither is this sentence violative of Solemv. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), which applies to sentences of life imprisonment without parole.
For the foregoing reasons the conviction and sentence of appellant are affirmed.
AFFIRMED.
All the Judges concur.